HERRINGTON, et al. *v.* HERRINGTON, et al.

No. 40594          December 2, 1957          98 So. 2d 646

*McFarland & McFarland,* Bay Springs, for appellants.

*Jacob E. Ulmer, Jr.,* Bay Springs, for appellee.

McGEHEE, C. J.

This appeal involves the consideration of a suit in equity to set aside and cancel a warranty deed executed by L. L. Herrington and his wife, Mrs. Sally Hamm Herrington, on December 8, 1954, covering approximately ninety-three acres of farm land and pasture in Jasper County, and which tract of land consisted of all of the real estate then owned by either or both of the said grantors.

The suit is brought by F. E. Herrington, a son of L. L. Herrington, Mrs. Sally Hamm Herrington, widow by a

second marriage of the said L. L. Herrington, now deceased, and by a daughter of L. L. Herrington and certain of his grandchildren, the son and daughter being children of the first marriage of L. L. Herrington and the grandchildren being descendants of a deceased daughter of the first marriage of the said deceased.

L. T. Herrington, another son of L. L. Herrington is the sole grantee named in the deed of conveyance. The deed was made without any money consideration paid or promised, but was allegedly made from gratitude, love and affection.

One of the assignments of error is that the trial court erred in permitting, over the objection of the complainants, the wife of L. T. Herrington, that is to say Alice Herrington, to testify as a witness. She did not testify to establish her own claim or defense against the estate of a deceased person, but rather to establish the claim of her husband, L. T. Herrington, to the land in question. We think that she was a competent witness.

The proof disclosed that on the morning of December 8, 1954, the grantor L. L. Herrington and his second wife Sally Hamm Herrington, from the marriage of whom there were no children, went for a distance of about twenty-five miles from where they lived on this tract of land to the Town of Bay Springs in company with the defendant L. T. Herrington and his wife Alice Herrington; that upon arriving at Bay Springs, the grantors in the deed went to the office of Dr. W. C. Simmons who was treating L. L. Herrington for an incurable cancer of the face and mouth and which affliction had become generalized in his stomach; that the grantor L. L. Herrington, who had been taking demerol for several months, as prescribed by Dr. Simmons, requested on that morning at his office that he be given a stronger sedative for his pain and suffering; that thereupon Dr. Simmons prescribed 100-milligram tablets of demerol instead of the 50-milligram tablets which the patient had been taking, and further

that the patient take two of the double dosed tablets whereas he had theretofore taken only one 50-milligram tablets at a time. Dr. Simmons testified that this narcotic would not affect the mind of Mr. Herrington but would merely give him a sense of well-being. The doctor did not see the patient take any demerol on that occasion.

Mrs. Sally Herrington, wife of L. L. Herrington, testified that she had given him one of the 50-milligram tablets of demerol at approximately 7:30 that morning and another at about nine o'clock before they left home to go to Bay Springs, and that while they were en route from Bay Springs to Heidelberg where the deed in question was signed by mark and acknowledged before a notary public, she had given her husband one of the 100-milligram tablets of demerol while they were stopped at a store; that he took it while eating sausage (meaning that he took it without a liquid to aid in swallowing the same); that her husband became very drowsy and sleepy, to such an extent that he did not know what he was doing at the time of the execution of the deed; that her husband was approximately seventy-eight years of age and could not walk without being assisted by someone; that she aided him in getting from the car into the office of Dr. Simmons at Bay Springs; and she denied having stopped at any place to execute the deed while en route from Bay Springs to Heidelberg.

On the other hand, the witness Alice Herrington, wife of the grantee, testified that while L. L. Herrington and his wife Sally Hamm Herrington were in the office of Dr. Simmons at Bay Springs, the grantee L. T. Herrington went to a lawyer's office in Bay Springs and had the deed prepared, that he returned to the automobile in which the witness and Mr. and Mrs. L. L. Herrington were seated at the time of his return; that L. T. Herrington handed the deed to the grantor L. L. Herrington, who read it aloud in the presence of his wife and L. T. Herrington and the witness, and that L. L. Herrington there-

upon stated that the deed was just what he wanted. This witness further testified that they went via Paulding en route to Heidelberg, that L. L. Herrington and his wife Sally Hamm Herrington accompanied the grantee L. T. Herrington into the courthouse at Paulding for the purpose of executing the deed of conveyance, but Mrs. Sally Herrington, the cograntor, testified that she had no recollection of their having gone into the courthouse at Paulding, and in fact denied that they had done so.

A Mrs. Myrtle McDevitt, a deputy in some office in the courthouse at Paulding, testified that Mr. and Mrs. L. L. Herrington, together with the grantee L. T. Herrington, did come into the courthouse and that L. T. Herrington stated in the presence of Mr. and Mrs. L. L. Herrington that they had a deed that they wanted acknowledged; and that the witness told them that neither the chancery clerk nor his deputy were at the courthouse at the time and that she suggested to them that they could acknowledge it before a notary public at Heidelberg, which was a short distance away.

Upon the arrival of these four persons at Heidelberg, Mr. and Mrs. L. L. Herrington remained in the automobile with Alice Herrington while her husband L. T. Herrington went into the store where Miss Grace Abney, a notary public, was working. L. T. Herrington came back to the automobile in company with Miss Abney where Mr. and Mrs. Herrington signed the deed by touching the pen in connection with the placing of their mark on the instrument by the notary public. Neither Mrs. McDevitt nor Miss Abney observed that there was anything wrong with the mental condition of L. L. Herrington, and Dr. W. C. Simmons testified that when Mr. L. L. Herrington came to his office during the forenoon of that day, he thought that he was a normal man.

Mrs. Sally Herrington testified unequivocally that she did not know that the instrument that they executed was a deed, that if she had known so she would not have

signed it, and she denied emphatically that the deed was read aloud by her husband, L. L. Herrington, at Bay Springs, when the same was brought to the automobile from the lawyer's office by L. T. Herrington.

There is no allegation in the bill of complaint of any confidential relationship that existed between L. L. Herrington and his son L. T. Herrington, and there was no testimony offered to that effect. The burden of proof therefore continued to rest upon the complainants to prove that the deed was executed at a time when the grantor L. L. Herrington did not have the mental capacity to understand the nature and effect of the transaction at the time the instrument was executed, or also that his cograntor did not understand that she was signing a deed. The cograntor, Mrs. Sally Herrington, did not contend that any representations were made to the grantors to the effect that the instrument was of a kind and character other than a deed of conveyance, but she merely testified that she did not know that it was a deed of conveyance and that there had been no discussion between the parties that they were to execute a deed of conveyance, whereas Mrs. Alice Herrington, wife of the grantee, testified that the matter had been fully discussed among the parties on that day prior to the time the deed was executed.

Although the proof discloses that the execution and delivery of this deed of conveyance may have been a very improvident act on the part of the grantors, and especially on the part of the wife of the grantor, Mrs. Sally Hamm Herrington, in that she was giving up her homestead right in the land and any right of inheritance that she may have had as the widow of L. L. Herrington who was slowly dying with an incurable cancer, the chancellor found as a fact on the conflicting evidence that the grantors knew what they were doing when they executed the deed.

In the case of Burnett, et al. v. Smith, 93 Miss. 566, 47 So. 117, this Court said: "A man of sound mind may

execute a will or a deed from any sort of motive satisfactory to him, whether that motive be love, affection, gratitude, partiality, prejudice, or even a whim or caprice.'' To the same effect is the case of Cresswell v. Cresswell, 164 Miss. 871, 140 So. 521, 144 So. 41, 43.

Moreover, the chancellor's finding on the conflicting evidence is fully supported by the cases of Wall v. Wall, 177 Miss. 743, 171 So. 675, and Ross v. Biggs, 206 Miss. 542, 40 So. 2d 293, and under all of the decisions cited in the case of Ross v. Biggs, supra.

Whether or not the taking of the double dose of demerol, after the grantor L. L. Herrington had left the office of Dr. Simmons, would materially affect his mind, contrary to the testimony of Dr. Simmons, we find that no medical testimony was offered to contradict the testimony of Dr. Simmons on that issue.

We have therefore concluded that although the act of Mrs. Sally Hamm Herrington may have been a very improvident one, for the reasons hereinbefore stated, she is bound by her solemn act of conveyance, since the chancellor found upon conflicting evidence against her contention that she did not know what she was signing. Cf. Lambert, et al. v. Powell, et al., 199 Miss. 397, 24 So. 2d 773; Lang, et al. v. Jones, 224 Miss. 649, 80 So. 2d 783; ██ ██ and the well-established rule that this Court will not reverse the decision of a chancellor upon conflicting evidence unless this Court is able to say that the chancellor's decision is manifestly wrong.

The decree of the chancellor in declining to set aside the deed of conveyance in question, and in dismissing the bill of complaint, is therefore affirmed.

Affirmed.

*Lee, Arrington, Ethridge* and *Gillespie, JJ., concur.*