372 So.2d 1077 (1979)
Melvin Junior CLARK
v.
MISSISSIPPI POWER COMPANY.
No. 51247.
Supreme Court of Mississippi.
May 23, 1979.
Rehearing Denied July 25, 1979.
*1078 Ingram & Matthews, Jolly W. Matthews, Aultman & Aultman, Hattiesburg, for appellant.
Heidelberg, Sutherland & McKenzie, R. Web Heidelberg, Rowland W. Heidelberg, Hattiesburg, Eaton, Cottrell, Galloway & Lang, Gulfport, for appellee.
Before PATTERSON, BROOM and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant, Melvin Junior Clark, appeals from a jury verdict for appellee, Mississippi Power Company, in the Circuit Court of Forrest County. The sole assignment of error is that the trial judge erroneously sustained appellee's objection to the admission of testimony offered by appellant from an expert electrical engineer.
On March 16, 1976, appellant filed his declaration against appellee, alleging that he received serious injuries due to the negligence of appellee. An appliance appellant was using to attach a sign to an outdoor billboard came in contact with a nearby electrically charged line owned and operated by appellee. The principal allegations of negligence set out in the declaration were that the electrical distribution line was too close to the billboard sign; that appellee did not follow the proper standards of care and safety in the location, operation and maintenance of the line, knowing that appellant or others would be working on the sign; and that appellee was negligent in failing properly to insulate or otherwise protect the line from injury to persons coming in contact therewith.
On September 7, 1976, appellee propounded interrogatories to appellant pursuant to the provisions of Mississippi Code Annotated sections 13-1-226 and 13-1-233 (1972 as amended). Answers to the interrogatories were filed by appellant on December 28, 1976. Three of the interrogatories and answers are material to the issue in this case. The interrogatories and answers to each were as follows:
Defendant's Interrogatory No. 34:
In paragraph 5(b) of your declaration you charge the defendant, as an alleged act of negligence, with failing to comply with the standards of care and safety of the power distribution industry in the location, operation and maintenance of its power distribution line in close proximity to said outdoor sign. With respect to this allegation, please state the following:
(a) Please state in detail, using precise engineering or other technical terms, the specific and particular standards of care and safety you contend were violated and precisely the manner, nature and extent of such alleged violation.
(b) What is the source or authority of the standard of care and safety you contend was violated? If said standard of care and safety is set forth in any rule, regulation or other publication, please identify the publication in detail and cite the precise section, paragraph, page or other specific provision containing the standard of care and safety for which you contend. In addition, please identify the names, occupations and addresses of all persons having custody of the same and where the same may be inspected.
Plaintiff's Answer to Interrogatory No. 34:
Plaintiff is unable to answer this interrogatory in precise engineering detail, *1079 but will file supplemental answer at a later date.
Defendant's Interrogatory No. 35:
In paragraph 5(d) of your declaration you charge the defendant, Mississippi Power Company, as an alleged specific act of negligence, with failing to equip its power distribution line located in close proximity to said outdoor sign with proper insulation and other protective devices required by the standards of safety established by the electric power distribution industry and/or required for due care. With respect to this allegation, please state as follows:
(a) Please state in detail, using precise engineering and other technical terms, the type, kind and manner of insulation which you contend would be proper.
(b) Please state in detail, using precise engineering and other technical terms, each and every protective device which you contend were required.
(c) Please state in detail, using precise engineering and other technical terms, the specific and precise standards of safety which you contend are established by the electrical power distribution industry, or which you contend are required for due care, and state precisely the source and authority for said standard. If said standard of care and safety is set forth in any rule, regulation or other publication, please identify the publication in detail and cite the precise section, paragraph, page or other specific provisions containing the standard of care and safety for which you contend. In addition, please identify the names, occupations and addresses of all persons having custody of the same and where the same may be inspected.
Plaintiff's Answer to Interrogatory No. 35:
Plaintiff is unable to answer this interrogatory in precise engineering detail, but will file supplemental answer at a later date.
Defendant's Interrogatory No. 37:
Please give the full name, address, occupation and specialty of each person whom you expect to call as an expert witness at the trial of this case; state the subject matter on which each expert is expected to testify; state the substance of the facts and opinions as to which each expert is expected to testify and give a summary of the grounds for each such opinion.
Plaintiff's Answer to Interrogatory No. 37:
None, at the present time, but there will be an expert; name will be furnished later.
It is readily seen that interrogatories numbers 34 and 35 were authorized by Code sections 13-1-226(a)(b) and 13-1-233. These are the general discovery statutes whereby any party to the cause may secure from the other party information which would clarify all issues in the cause prior to trial so that neither party would have an undue advantage and justice would prevail.
Interrogatory No. 37 was filed pursuant to Code section 13-1-226(b)(4)(A)(i), which provides that "[a] party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." It is readily seen that this enlarges on the general authority of any party to file interrogatories for the purpose of having an "open" trial with no secrets as provided for in section 13-1-233. Even though there is much opposition to this provision, in considering this appeal, it is in the Code and therefore "the law of the land."
The case was set for trial in April, 1977. The plaintiff had not filed supplemental answers to the three above set out interrogatories. Thereupon on March 24, 1978, the attorney for appellee, pursuant to section 13-1-226(e)(3), filed a demand to plaintiff to supplement answers to interrogatories. Listed on this demand were Interrogatories Numbers 34, 35 and 37. No response was made thereto at any time prior to or during *1080 the trial. On the morning the trial started, attorney for appellant introduced an electrical engineer, stating that he would be used at the trial. Attorney for appellee at that time and prior to the start of the trial announced that if the expert was offered as a witness, objection thereto would be made. On the second day of the trial the expert was presented as a witness, and upon objection, the lower court ruled that he could not testify due to the failure of appellant to conform to the above discussed discovery rules.
Appellant and appellee, in very excellent briefs, cite many authorities and arguments on whether or not under the circumstances set out above, the lower court erroneously sustained appellee's objection to the testimony of appellant's offered expert. A study of these authorities clearly reveals that the lower court should be cautious in either dismissing a suit or pleadings or refusing to permit testimony as was done here. The reason for this is obvious. Courts are courts of justice and not of form. The parties should not be penalized for any procedural failure that may be handled without doing violence to court procedures. The authorities, however, all boil down to the simple proposition that the trial court has wide discretion so long as it is not abused. This was clearly set out in the recent case of Harkins et al. v. Paschall, 348 So.2d 1019 (Miss. 1977), which opinion quoted Paulk v. Housing Authority of City of Tupelo, 228 So.2d 871 (Miss. 1969), which said:
[T]he trial court has considerable discretion in matters relating to discovery and its order will not be disturbed unless there has been an abuse of that discretion.
In the present case the record shows that about six weeks prior to the trial date, during a conversation between attorneys for appellant and appellee, the attorney for appellant advised the name and address of the expert in question who would testify at the trial. The question now is whether or not, taking all the foregoing occurrences and pleadings into consideration, this Court can say that the trial court abused its discretion. There are two paramount considerations that in our opinion make this decision. In the first place, appellant gave no answer to any of the three interrogatories in question except to say that he was unable to answer each at that time but would file supplemental answers at a later date. This was not done. In addition to this, as before stated, on March 24, 1978, approximately three months after the original answers were filed, appellee filed a demand for its answers. These were not given.
In analyzing the position of the lower court when the expert was offered, we are confident he had in mind the fact that no answers were given to the original interrogatories and it was specifically stated they would be given later, and the fact that they were still not given after written demand made and filed in the cause. The lower court had justification then to reason that the information related to appellee's attorney as to the name and address of the expert was not sufficient to make a substantial compliance with the discovery statute requirements. Had answers to Interrogatories Numbers 34 and 35 been made and not to Number 37, the information related to appellee's attorney as to the name and address of the person who would prove the answers to Numbers 34 and 35, in all probability, would have been sufficient for a substantial compliance with the discovery rules requiring the lower court to permit the testimony of the expert. Without the above from appellant, we have no choice but to hold that the lower court did not abuse its discretion.
Appellant advances the argument that the lower court could exclude the expert's testimony only on "motion" of appellee under the provisions of Code section 13-1-237. It is contended that the "objection" to the evidence was not sufficient for the court to act. A study of Section 13-1-237 shows it to be styled "Failure to make discovery: Sanctions," and is in four principal parts. The first part provides for the filing of a motion by a party to compel discovery and provides for disposition of *1081 that motion by the court. The second part is styled "Failure to comply with order." This refers, of course, to an order signed by the court pursuant to a motion filed by a party under the first part of the section. The third part of the Sanctions section provides for expenses to be adjudged against a defaulting party on order of the court. The fourth and last part of the section, styled "Failure of party to ... serve answers to interrogatories," provides that if a party fails to serve answers or objections to interrogatories submitted under section 13-1-233,
[T]he court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (A), (B) and (C) of subsection (b)(2) of this section.
Referring back to subsection (B), it is provided that the court may issue "an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence." (Emphasis supplied). It is clear that the words "on motion" include oral objection, in the nature of a motion, to the adverse party's actions as was done here and would not require a recess of court for the moving party to go and prepare a written "motion." Appellee did everything that was legally required of it to preserve its rights for the failure of appellant to answer the interrogatories.
We reiterate that in problems as here presented questions should be decided on a case by case basis.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.