ROBERTSON, Presiding Justice,
for the Court:
Howard N. French appeals from a decree of the Chancery Court of Adams County, dismissing his amended probate of claim against the estate of W. J. Druetta, Jr., deceased.
Although the so-called contract upon which French’s claim was based was dated August 7, 1967, and was between W. J. Druetta, Jr., owner, d/b/a Druetta Construction Company, and Howard French and A. D. Rand, no suit was brought during Druetta’s lifetime; but when he died on April 27, 1979, and notice to creditors was published, French filed his $150,000 claim on July 26, 1979. French’s affidavit to his probate of claim states:
“[Sjubmits written evidence of his claim, being an Agreement dated August 7, 1967 between W. J. Druetta, Jr. and the undersigned Howard N. French, and makes affidavit that the claim is just, correct and owing from the deceased; that it is not usurious; that neither the affiant nor any other person has received payment in whole or in part thereof and that security has not been received therefor, the original of said Agreement being herewith presented with this Probate of Claim, this 26th day of July, 1979.”
The agreement of August 7, 1967, attached to his probate of claim, recites:
“The following agreement is entered into between W. J. Druetta, Jr., Owner, doing business as Druetta Construction Company, Howard French, and A. D. Rand. It is hereby agreed between all parties referred to herein that the following terms and conditions are in effect and will continue until such time as may be mutually agreed to change. *1328 For and in consideration of the services, skills, and contributions to Druetta Construction Company by Howard French and A. D. Rand. It is hereby agreed that Howard French and A. D. Rand are to be compensated at the rate of 25% each of the net profit of the business over and above their salaries and payable as follows:
12-V2% of the profits payable at the end of the first year and the remaining 12-72% of profits will be paid after a working capital of $50,000 has been provided and sufficient bonding capacity has been provided for to meet the company’s requirements for bonding purposes.
This agreement is in effect so long as they are employed with the company and render, to the best of their ability, services referred to above. This agreement will terminated (sic) on the date either party withdraws or ceases to be employed. Computation of their percentage of profits will be computed up to and including the date either withdraws or ceases to be employed.
Net Profit referred to herein is gross income less all cost and operating expenses.
SIGNED: S/ W. J. Druetta, Jr. _
W. J. Druetta Witness
S/ Howard N. French _
Howard French Witness
S/ A. D. Rand Year of 1967
A. D. Rand
After probating his claim, French filed numerous motions for discovery. He asked for discovery of the joint federal income tax returns (filed by Mr. and Mrs. Druetta) from 1967 through 1979. From January 4, 1980, until June 11, 1980, except for the 11-day period from May 23 through June 3, Mrs. Druetta, executrix, made available to French for inspection and copying all of the financial records of Druetta Construction Company. Schedule F of the Federal Estate and Inheritance Tax Returns was made available to French. The chancellor denied the production of the joint income tax returns of W. J. Druetta and his wife for the period 1967 through 1978 because these returns were privileged communications and:
“Also there is available to the claimant the books and records of the Druetta Construction Company which were the source of income upon which the returns were filed.”
On July 25,1980, with the court’s permission, an amendment of French’s probated claim was filed. The claim was reduced from $150,000 to $98,436. Added to his affidavit was this language:
“[A]nd affiant shows that the amount hereinbefore set forth is for monies owed claimant pursuant to said Agreement dated August 7,1967 as shown on Exhibit ‘A’ attached hereto and made a part hereof for all purposes, this 25th day of July, 1980.”
Exhibit “A” recited:
RECAP OF NET INCOME
OF WILLIAM J. DRUETTA, JR., CONTRACTOR
ACCOUNTING FIRM YEAR AMOUNT
Lehman Butler 1967 $ 21,628
Lehman Butler 1968 15,756
Lehman Butler 1969 27,962
Jones & Gillon 1970 1,732
Jones & Gillon 1971 27,599
Jones & Gillon 1972 28,435
Jones, Switzer Company 1973 31,030
Jones, Switzer Company 1974 47,059
Jones, Switzer Company 1975 44,885
Jones, Switzer Company 1976 39,946
Jones, Switzer Company 1977 26,674
Jones, Switzer Company 1978 37,309
$350,015
FMV of Business Assets Over Book Value 43,730
$393,745
at 25%
DUE TO FRENCH $ 98,436
After several hearings, the chancellor, on July 31, 1980, entered his decree dismissing the amended probate of claim and the original probate of claim with prejudice.
French has assigned as error:

A. ERRORS IN PRETRIAL DISCOVERY

1. The Trial Court erred in holding that the tax returns of the decedent were “privileged” and not discoverable.
2. The Trial Court erred after sustaining Appellant’s Motion to Compel Discovery in not awarding a hearing on attorney’s fees and expenses in connection with the motion.
3. The Trial Court erred in not requiring discovery of the entire Mississippi *1329 State and Federal Inheritance Tax and Estate Tax Returns in connection with the Estate of W. J. Druetta, Jr., deceased.

B. ERRORS ON FINAL HEARING

1. The Trial Court erred in sustaining the “First Defense” of the Objection to Amended Probate of Claim.
2. The Trial Court erred in sustaining the “Second Defense” of the Objection to Amended Probate of Claim.
3. The Trial Court erred in applying the statutes of limitation with regard to the Amended Probate of Claim.
In Long v. Sledge, 209 So.2d 814 (Miss.1968), albeit under a prior statute, this Court answered the same contentions now made by French adversely to his position. In Long, we said:
“Appellants assign as error the refusal of the trial court to require appellee to produce copies of his income tax return for the years, 1962, 1963 and 1964.... However, the provisions of this section are not mandatory and the trial judge has some discretion in the matter.... Furthermore, the statute is penal and the powers granted therein should be exercised with caution. The statute also provides that it does not apply to matters of privilege. Appellee contended that his income tax returns were privileged. However, it is not necessary for us to determine whether appellee’s income tax returns are privileged since we cannot say that the trial court abused its discretion in overruling the motion. The information desired was available by means of subpoena duces tecum requiring the company for which appellee worked to produce their records showing the business produced by appellee in the years in question.” 209 So.2d at 819. (Emphasis added).
In Clark v. Mississippi Power Co., 372 So.2d 1077 (Miss.1979), this Court said:
“[T]he trial court has considerable discretion in matters relating to discovery and its order will not be disturbed unless there has been an abuse of that discretion.” 372 So.2d at 1080.
As in Long, we cannot say that the trial court abused its discretion in overruling the motion to compel discovery of the joint income tax returns of the late Mr. Druetta and Mrs. Druetta.
In its “Order Denying Request for Production of Tax Returns”, the court found that the self-same information was available from other sources when it ruled “the information sought in said Returns may be found and ascertained from the books and records of Druetta Construction Company.” In another order, the trial court found that the books and records of Druetta Construction Company were the source of all the information contained in the income tax returns. The company’s complete books and records were made available to French for inspection and copying for almost five months.
With reference to the recovery of reasonable expenses, including attorney’s fees, by the successful movant, Mississippi Code Annotated section 13-l-237(a)(4) (Supp.1980), has this proviso: “unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.” As executrix of her husband’s estate, it was Mrs. Druetta’s duty and responsibility to protect the estate and its creditors and to consider whether the rights of the estate under the Deadman’s Statute, Mississippi Code Annotated section 13-1-7 (1972) would be adversely affected or even waived by furnishing the complete business records of her husband.
The court had conducted one hearing on the motion. It was not necessary or required that the court conduct a second hearing to determine whether the movant was entitled to expenses.
In our opinion, the chancellor was clearly correct in finding that neither the probate of claim nor the amended probate of claim met the minimum standards set forth in Mississippi Code Annotated section 91-7-149 or 91-7-151 (1972), (providing that under certain conditions the affidavit can be amended after the 90-day limitation period has expired).
*1330 The so-called written contract of August 7,1967, does not in and of itself sufficiently state a claim against the estate. It in no wise resembles a promissory note with definite terms based on a debtor-creditor relationship.
The contract provides:
“12-1/2% of the profits payable at the end of the first year and the remaining 12-1/2% of profits will be paid after a working capital of $50,000 has been provided and sufficient bonding capacity has been provided for to meet the company’s requirements for bonding purposes.”
Businesses are necessarily conducted on a calendar year or fiscal year basis for all purposes: income taxes, income and costs, profit and loss and accountings of all kinds. The contract between Druetta, owner, and French and Rand, employees, specifically provided for the figuring of profits, working capital and bonding capacity “at the end of the first year.”
To meet the minimum standards set forth in section 91-7-149, it was vitally necessary for French to allege and prove:
1. When the $50,000.00 working capital was obtained,
2. When sufficient bonding capacity was obtained,
3. When a breach of the so-called contract occurred,
4. French’s full compliance with the purported agreement, and
5. An itemization of profit, and/or loss of Druetta Construction Company.
In Central Optical Merchandising Company v. Lowe’s Estate, 249 Miss. 61, 160 So.2d 673 (Miss.1964), this Court said:
“Presentation of a claim against an estate is in many respects similar to the filing of a suit against a defendant. The main purposes of pleading and procedure are to obtain a clear definition of the issues between the parties and to reveal all of the facts, in order to obtain a fair and equitable decision of the controversy.” 249 Miss, at 72, 160 So.2d at 678.
While the chancellor in the case at bar gave the appellant the benefit of the doubt and allowed him to amend both his affidavit and his statement of account, even the amended probate of claim does not meet the minimum standards set forth in section 91-7-149.
In Stuart C. Irby Co. v. Patton, Administrator, 301 So.2d 845 (Miss.1974), we said:
“This does not authorize unrestricted amendment. The right to amend was extended only to claims meeting certain minimum requirements to avoid a creditor’s loss for technical insufficiency.

“We reach the same conclusion as did the trial court that the affidavit, which appears to be a bankruptcy form, filed by Stuart C. Irby Company, did not conform to the statutes as modified by Central Optical, supra. It provided no information to the administrator of the estate of W. R. Winters, deceased, from which he could reasonably act in either allowing or disallowing the claim stated to be due by Winters Electrical Contractors.” 301 So.2d at 846-47.
For these reasons, the decree of the lower court dismissing the probate of claim and the amended probate of claim is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.