PATTERSON, Chief Justice,
for the Court:
Donald McDaniel, a minor, by Claudette McDaniel, his mother and adult next friend, brought a suit in tort in the Circuit Court of Warren County against Mississippi Power & Light Company, hereinafter MP&L, and Smith’s Machine & Welding Company. MP&L was charged with negligence in failing to anticipate that material handling equipment would be used on the construction site in close proximity to the power lines and in failing to take the necessary safety precautions. During the course of trial the suit of Smith’s Machine & Welding Company was settled for $45,000. From a jury verdict for MP&L, McDaniel appeals.
The suit was based on an accident which occurred on June 28, 1978, while McDaniel was employed as a carpenter’s helper for the construction of the Hillman Clinic in Brookhaven. While McDaniel and another employee were hooking the chains of a crane under bundles of sheetrock, the boom of the crane came in contact with a' high voltage power line. The electricity entered McDaniel’s body, rendering him unconscious from the shock. McDaniel was hospitalized for electrical burns in Brookhaven for one week and then transferred to the Baptist Hospital in Jackson, where he remained for a month. While at Baptist Hospital, partial amputation of the left index finger and left ring finger, amputation of the entire long left finger, amputation of the left second toe, and amputation of the right second, third, and fourth toes were performed. Skin grafts with skin taken from Donald’s thighs, were done as secondary repairs to the amputation sites. A third surgical procedure was performed to repair some of the grafts that did not take. The treating plastic surgeon assigned varying percentages of permanent partial disability to the left hand and right and left feet.
The evidence at trial revealed that the property line of the parcel on which the clinic was being built was 35 feet north of the clinic building. A 25 foot strip of property belonging to a third party ran between the clinic property and the Brookmanor property on which the power line was located. Two rows of sheetrock were stacked on the Smith property 8 to 12 feet south of the power line. The stack of sheetrock closest to the power line and farthest from the crane was moved first, over the front row of sheetrock, during which the crane came in contract with the power line.
The power line, consisting of three high voltage wires, was situated 27 feet above the ground. The applicable National Electric Safety Code required that the lines be 20 feet above the ground. There were no warning signs on the poles. The wires of the power line had no covering, insulation, or warning signs. MP&L contended that it had no reason to anticipate that a crane with a 60 foot boom would be used in the construction of a one story frame building, particularly when the power lines were located off the property of the construction site.
McDaniel’s primary assignment of error involves the trial court’s allowing an employee of MP&L to testify about his opinion on MP&L’s compliance with the National Electric Safety Code. The witness, the division manager of the South Central Division for MP&L and responsible for all operations in the particular geographic division, was asked whether in his opinion the power lines were maintained in accordance with the safety code and with good engineering practice. Counsel for McDaniel objected, contending that the witness was being questioned as an expert witness and had not been listed as such in the answer to the interrogatories. The trial judge overruled the objection because Temple was the plant manager charged with the responsibility of maintaining the lines in accord with the safety code.
McDaniel relies on Clark v. Mississippi Power Company, 372 So.2d 1077 (Miss.1979). In that case, Clark answered several interrogatories, including one requesting ' the names of persons expected to be called as expert witnesses, by stating that he could not answer at the present time but would file a supplemental answer. No supplemental answers were filed before trial, even *114 after a demand for supplemental answers had been made by Mississippi Power Company. At trial Clark presented an expert witness to testify, but the trial court refused to allow his testimony because Clark had failed to conform with the discovery rules. We affirmed, reiterating that the trial court has considerable discretion in matters relating to discovery and that we would not disturb an order unless there has been an abuse of that discretion.
In the present case we find no abuse of discretion in the allowance of the testimony of the MP&L employee. The situation is distinguishable from the Clark case. Unlike Clark, MP&L made every effort to fully and accurately answer the interrogatories propounded to it. In his interrogatory to MP&L, McDaniel asked for the name, address,, and other information concerning “any expert witness retained by, for or on behalf” of MP&L. In its answer, MP&L supplied the name and information concerning J. W. Abernathy, further stating that it “had not retained any other outside expert other than Mr. Abernathy.” The MP&L employee, to whose testimony McDaniel objected, was not retained by MP&L, but rather was a full time employee testifying on his personal knowledge of compliance with the safety code, rather than any expertise he possessed.
The cases are further distinguishable by the fact that the allegedly objectionable portion of the witness’ testimony simply reiterated the testimony of the acknowledged outside expert, J. W. Abernathy. Additionally, McDaniel had earlier in the trial twice called this MP&L employee to the stand as an adverse witness. There was no undue advantage to MP&L by failing to list the employee as an expert and no probability of any surprise testimony from the witness in favor of MP&L. Thus, we find no abuse of discretion in the trial’s court’s permitting the MP&L employee to give his opinion on compliance with the National Electric Safety Code.
McDaniel’s other assignments of error are based on his contention that MP&L was negligent as a matter of law. From our examination of the record, the evidence on both the duty of care and breach of that duty was sufficiently conflicting for the question to be decided by the jury. Thus, these assignments of error are without merit.
Having examined all assignments of error and finding no error, this cause is affirmed.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.