430 So.2d 413 (1983)
Mary D. WINSTON
v.
James C. CANNON.
No. 53645.
Supreme Court of Mississippi.
April 13, 1983.
Rehearing Denied May 11, 1983.
Wayne E. Ferrell, Jr., Cothren & Pittman, Crymes G. Pittman, Jackson, for appellant.
Steens, Reynolds, Dalehite & Currie, Whitman B. Johnson, III, Jackson, for appellee.
Before ROY NOBLE LEE, HAWKINS and ROBERTSON, JJ.
*414 ROY NOBLE LEE, Justice, for the Court:
Mary D. Winston filed suit against James C. Cannon in the Circuit Court of the First Judicial District, Hinds County, Mississippi, Honorable Charles T. Barber, presiding, for personal injuries sustained in a motor vehicle accident. Cannon admitted liability and the issue presented to the jury was damages. The jury returned a verdict for $364.60, judgment was entered in that amount, and Mary D. Winston has appealed here, assigning four errors in the trial below.

I.
Did the circuit court err in refusing to admit the testimony of appellant's physician concerning his evaluation of permanent disability?
On March 5, 1980, appellant was employed as a bus driver by the Jackson Public Schools, and she was driving a bus carrying school children on Terry Road in the City of Jackson. She stopped the bus at railroad tracks when it was hit suddenly from the rear by appellee's truck. Appellant was thrown into the steering wheel and injured and was taken to the Baptist Hospital emergency room by ambulance. X-rays were made, she was given medication and *415 released about 8 p.m. The next day she went to see her family physician, Dr. Ernest Rankin. He treated her for injuries, and saw her ten times, although the visits involved other sickness. Dr. Rankin prepared and submitted a medical report covering her, wherein he gave the opinion that she would have no permanent injury or disability resulting from the accident.
On the trial, Dr. Rankin was called as a witness for appellant, and he said that, because appellant had not recovered, his earlier report should be changed. He attempted to explain his opinion about the extent of disability, and, if he had been permitted to testify, would have testified that appellant sustained a permanent disability ranging from 10% to 20% due to chronic low back pain, which was related to the accident.
Objection was made to the testimony of Dr. Rankin on the grounds that (1) no predicate was laid, (2) testimony was speculative and (3) the appellant had failed to supplement interrogatories to indicate that Dr. Rankin would testify appellant had a permanent disability as a result of the accident. The court sustained the objection because a proper predicate had not been laid.
On August 11, 1980, appellee filed interrogatories to be answered by appellant. Included among them was the following:
19. Since the date of the accident herein in question, please state in specific detail the following:
* * * * * *
(c) if any doctor has rendered an opinion giving you any disability, please state what doctor, on what date, type of disability and reasons therefor.
In response to Interrogatory # 19 requesting identification of all expert witnesses, appellant set out:
19. Dr. Rankin. Dr. Rankin will testify as to the medical treatment, medical disability, and medical bills of the Plaintiff. All medical records, medical reports, and medical bills from Dr. Rankin have been and will be provided to the Defendant.
Mississippi Code Annotated § 13-1-226(e) (Supp. 1982), the general discovery statute on supplementation of responses, follows:
(e) Supplementation of responses. A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:
(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to (A) the identity and location of persons having knowledge of discoverable matters, and (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.
(2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (A) he knows that the response was incorrect when made, or (B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.
(3) A duty to supplement responses may be imposed by order of the court, agreement of the parties, or at any time prior to trial through new requests for supplementation of prior responses.
The appellant failed to supplement the interrogatories and to indicate that Dr. Rankin would testify that she had a permanent injury as a result of the accident. Although the lower court did not sustain the objection to Dr. Rankin's testimony on the correct ground, the proper objection was made, and the court did not abuse its discretion in denying his testimony in that regard. See Clark v. Miss. Power Co., 372 So.2d 1077 (Miss. 1979) and Huff v. Polk, 408 So.2d 1368, 1369 (Miss. 1982).

II.
Did the lower court err in refusing to admit the testimony of the appellant about lost wages from a part-time job?
*416 Appellant attempted to testify about lost wages from part-time housecleaning work. Appellee objected to the testimony. Interrogatory # 3 was propounded to appellant and her answer follows:
Interrogatory
3. State the names and addresses of all your employers including self-employment beginning with the year 1970 up to and including the date of the filing of the answers to these interrogatories, with the approximate starting and termination dates of each such employment, the title and general nature of your duties in each said employment, the name of your immediate supervisor, if any, and the approximate gross monthly earnings in such employment so listed.
Answer
3. (a) Jackson Public Schools, Jackson, Mississippi; bus driver supervisor, Mr. J. Haynes; approximate gross monthly salary  $437.00
(b) various homeowners, Jackson, Mississippi, approximate starting date prior to 1970, approximate termination date-day of the accident on March 5, 1980; approximate salary, $17.00 per day three days per week; title and nature of duties  house cleaning, cooking, miscellaneous type work; approximate gross monthly salary  $204.00.
Appellee was entitled to the information as to whom appellant worked for, and approximate dates, even though she may not have had W-2 forms or documentation on the employment. With that information, the appellee could have verified the employment and could have ascertained what sums were paid by the employers. For failure to specifically answer the interrogatory, the court did not err in sustaining the objection.

III.
Did the circuit court err in granting jury instructions D-4, D-5 or D-6?
When the lower court was passing upon instructions, the trial judge asked the attorney for appellant whether he had any objection to Instructions D-4, D-5 and D-6. The attorney responded that he had no objection to D-4 and D-5, and his objection to D-6 follows:
BY MR. FERRELL: Plaintiff objects on the basis that this is a negative instruction. We object to the part about attorneys' fees and penalties and other matters in there.
BY THE COURT: Granted over objection.
The Instruction D-6 follows:
The Court instructs the jury that should you find for the plaintiff in this case, you are not authorized to find for the plaintiff for any amount beyond reasonable compensation for the injury sustained, if any. You are not authorized to award any damages in the nature of a penalty, or for attorney's fees, nor should you consider any estimates of damages made by plaintiff's attorney, nor should you consider the amount sued for in the Declaration, as the amount being sued for is no measure of plaintiff's damages, but you must, if you find for the plaintiff, confine your verdict to reasonable compensation for the injuries actually sustained, if any, by the plaintiff, as a result of the accident in question. You are further instructed that should you find for the plaintiff, then the Court instructs you that the defendant is not responsible for any physical or mental problem that the plaintiff might have had prior to the accident in question, nor any physical or mental problem that is not related to any injury the plaintiff might have incurred in the accident in question.
Appellant argues that the instruction was erroneous because it was negative, mentioned attorney's fees, and is misleading. However, there was evidence that appellant had physical and emotional ailments prior to the collision here, and, of course, appellant was not entitled to recover for those conditions unless they were aggravated by the collision. If evidence indicates *417 an aggravated condition, a plaintiff may obtain an instruction covering same. Harkins v. Paschall, 348 So.2d 1019 (Miss. 1977); Tri-State Transit Co. v. Martin, 181 Miss. 388, 179 So. 349 (1938). The Instruction D-6 did not constitute reversible error.

IV.
Did the lower court err in refusing to grant appellant's motion for additur, or, in the alternative, a new trial on the issue of damages?
The accident occurred around three o'clock in the afternoon, and appellant was admitted to the emergency room of the Baptist Hospital in Jackson at approximately 3:30 p.m. She was X-rayed and given medication, and was released from the hospital about 8 p.m. Appellant testified that when she went to the hospital, her back, arms and legs were hurting her, and that she has taken drugs for the pain since the accident; that she was not able to use her hand for a while; that she uses a sponge pillow behind her back when she drives the school bus; that she was discharged by Dr. Rankin on June 30, 1980, and lost 62 days of work as a school bus driver at $19.80 per day; and that she had no trouble with her back prior to the accident, although she had suffered from asthma and a nervous condition.
Dr. Richard Naef, a specialist in neurology, testified that he saw appellant six weeks after the accident on May 8, 1980; that no significant head or spinal injury was sustained by her; that her physical functions were normal; that, in his opinion, appellant sustained a simple strain and was overly worried about herself; that her symptoms were not due to a physical injury, but to an emotional disturbance; and that appellant does not have any disabling injury.
Uncontradicted evidence of actual damages consisted of $165.00 for Baptist Hospital Emergency Room, $45.08 for the ambulance; $75.00 for Dr. Naef, aggregating $285.08. Dr. Rankin's bill was $225.00, but he admitted that some of the bill was for other problems. Appellant incurred a drug bill for $97.50 but admitted that part of this was for asthma medication. The loss of 62 work days as a bus driver amounts to $1,227.60. However, appellee contends the proof does not show that the time lost was a proximate result of the accident.
The jury apparently declined to believe that appellant sustained any substantial injuries as a result of the accident. However, upon admitted liability, damages awarded in the sum of $364.60 are inadequate and are contrary to the weight of the evidence. Therefore, we enter an additur increasing the judgment to three thousand dollars ($3,000). Miss. Code Ann. § 11-1-55 (Supp. 1982). If the appellee enters such additur and files it in this Court within fifteen (15) days, the judgment will be affirmed in that amount; otherwise, the judgment will be reversed and the case remanded to the lower court for a new trial on the issue of damages.
AFFIRMED UPON THE FILING OF ADDITUR; OTHERWISE, REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
BOWLING, J., not participating.