523 So.2d 319 (1988)
In the Matter of the CONSERVATORSHIP OF Vera Mae STEVENS.
Ludie S. VARNER, Conservator of Vera Mae Stevens
v.
D.K. PATRICK.
No. 57612.
Supreme Court of Mississippi.
April 6, 1988.
Rehearing Denied May 4, 1988.
Dolan D. Self, Jr., Herring & Self, Canton, for appellant.
Gee Ogletree, Young Scanlon & Sessums, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and ZUCCARO, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Ludie S. Varner, Conservator of Vera Mae Stevens, appeals from a judgment of the Chancery Court, Rankin County, Mississippi, *320 in favor of D.K. Patrick, dismissing the complaint of Conservator Varner filed against him. Varner assigns four (4) errors in the trial below.
The suit involves eighty-two and one-half (82 1/2) acres of land in Rankin County. On January 16, 1984, Vera Mae Stevens executed a deed of conveyance to D.K. Patrick conveying unto him the 82 1/2 acres of land upon which Stevens resided, for the consideration of $42,000. The deed reserved a life estate to Miss Stevens in the home located on the property. The instrument was filed for record in the office of the Chancery Clerk of Rankin County on January 18, 1984.
On May 10, 1985, the Chancery Court of Rankin County ordered that Ludie Varner be appointed conservator of Vera Mae Stevens because of the latter's physical incapacity and mental weakness and that the conservator have charge of and manage Stevens' property.
On July 15, 1985, the conservator petitioned the chancery court for authority to file suit to cancel the January 16, 1984, deed executed by Stevens in favor of D.K. Patrick. The complaint charged that the approximate value of the property in January, 1984, was one hundred fifty thousand dollars ($150,000); that at the time of the deed's execution, Stevens was aged, in poor health, of unsound mind and easily susceptible to being influenced. Following discovery, a trial was conducted on January 22-24, 1986, resulting in final judgment for appellee dismissing the complaint.

I.

THE LOWER COURT ERRED IN FAILING TO ALLOW THE APPELLANT'S APPRAISAL INTO EVIDENCE.

II.

THE LOWER COURT ERRED IN FAILING TO ALLOW THE TESTIMONY OF APPELLANT'S APPRAISER.
The above assigned errors relate to the refusal of the lower court to allow the witness Tom Ruffin, an appraiser for appellant, to testify or to admit into evidence the written appraisal of Tom Ruffin because of a discovery violation. Appellee propounded interrogatories to the appellant shortly after the complaint was filed, pursuant to Rules 26 and 33, Mississippi Rules of Civil Procedure, requesting, inter alia, that appellant disclose in writing:
4. For each expert you shall call as a witness at the trial of the case, please state: the expert's name and address; the area or science of his expertise; the subject matter upon which the expert shall testify; the substance of the facts and opinions as to which the expert is expected to testify; a summary of the grounds for each opinion; and a description of any article, book, paper or similar work by the expert on or about the areas upon [which] you will testify including a description of the location of such work.
Appellee further submitted a request for the production of documents, including:
(e) All appraisals, contracts, offers, communications or other documents pertaining to any evidence of value of all or part of the land, minerals, timber or other interest in, under, or concerning the land which is the subject matter of this suit from 1980 to the trial of this cause.
Appellant failed to respond to appellee's request for production of appraisals or other documents concerning the land in question until January 21, 1986, one day prior to trial, when appellant supplemented her previous discovery responses and served same on appellee. The supplemental responses advised appellee that Tom Ruffin would be called as an expert appraiser by the appellant at trial. On that afternoon, appellee received a copy of Ruffin's appraisal of the property in question.
On January 22, 1986, appellee presented a motion in limine to the trial court seeking to bar Ruffin from testifying at trial and disallowing the admittance of Ruffin's appraisal.
In Harris v. General Host Corp., 503 So.2d 795 (Miss. 1986), this Court said:
We have long been committed to the proposition that trial by ambush should be abolished, the experienced lawyer's *321 nostalgia to the contrary notwithstanding. We have sought procedural justice through a set of rules designed to assure to the maximum extent practicable that cases are decided on their merits, not the fact that one party calls a surprise witness and catches the other with his pants down. One of the most obviously desirable and rigidly enforced of these rules is that requiring pretrial disclosure of witnesses.
Specifically, Rule 26(b)(4)(a)(1) provides: Trial preparation: Experts. Discovery of facts known and opinions held by experts, ... may be obtained only as follows: a party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter of which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
Procedural rights created under this rule must be taken seriously. Boyd v. Lynch, 493 So.2d 1315, 1320 (Miss. 1986); Winston v. Cannon, 430 So.2d 413, 416 (Miss. 1983); Square D Company v. Edwards, 419 So.2d 1327 (Miss. 1982); Huff v. Polk, 408 So.2d 1368 (Miss. 1982); Clark v. Mississippi Power Co., 372 So.2d 1077 (Miss. 1979).
503 So.2d at 796-97.
On the motion in limine, appellee argued that appellant did not disclose the name of her expert "seasonably" and sufficiently in advance of trial to afford appellee and his counsel a reasonable opportunity to prepare to meet the evidence via cross-examination, comparables, etc. When a breach of the discovery rules occurs, one of the sanctions authorized under our rules is "an order ... prohibiting him [the defaulting party] from introducing designated matters in evidence." Rule 37(b)(2)(B) and (d), Miss.R.Civ.P.
We are of the opinion that, on the record before this Court, the lower court did not abuse its discretion in applying the sanctions and disallowing the testimony and appraisal of Tom Ruffin and the assigned errors I and II are rejected.

III.

THE LOWER COURT ERRED IN FAILING TO SET ASIDE THE DEED.

IV.

THE LOWER COURT'S OPINION AND JUDGMENT ARE CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
The record favorable to appellee reflects that Vera Mae Stevens was alone in the office of Attorney Marcus Martin when he drew the deed conveying the 82 1/2 acres to appellee. Martin testified that Stevens had contacted him in early 1984 concerning the sale of her property; that she had found a potential buyer, i.e., appellee Patrick; that Stevens directed Attorney Martin to draft the necessary documents; that on January 16, 1984, "There were [no] flags  red flags to indicate anything out of the [ordinary];" that at all times Stevens appeared competent and cognizant of the transaction she was undertaking; and that she was competent to execute the deed of conveyance.
Appellee Patrick testified that he had no part in the selection of Attorney Martin as the attorney to draft the deed in question; that Stevens initiated the negotiations over the sale with appellee; and that he could never recall in his dealings with Stevens, ever having seen Vera Stevens confused or "out of sorts."
Dr. Curtis C. Roberts, physician for Stevens during the past twenty-five years prior to the trial, testified on cross-examination that in 1983, a CT scan of Vera Mae Stevens showed only "normal degeneration" for a person of her age; that his notes from August, 1983, on an examination of Stevens reflected that she appeared "alert;" that in May, 1984, approximately four months after the execution of the deed in question, Miss Stevens had occasion to visit another physician and that the records reflected there were no signs or clinical manifestations confirming senile dementia found at that time; and that Dr. Roberts *322 did not see Miss Stevens on January 16, 1984.
David L. Morrow, Jr., a licensed real estate appraiser, testified that he appraised the subject property; that the property had a value of forty-seven thousand three hundred fifty dollars ($47,350), without taking into account Stevens' reservation of a life estate; that, in his opinion a Rankin County appraisal from 1982 which valued the Stevens property at sixty thousand dollars ($60,000) was unreasonable and was flawed in that it failed to discount the value of the Stevens home, which was somewhat old and in need of repairs.[1]
The chancellor made the following findings of fact:
On the issue of mental capacity:
[T]he fact alone that Miss Stevens was aged and suffered from senile dementia, a characteristic of old age, did not of itself prevent herself from making a deal that she was accustomed to doing similarly for years previously... . In fact, the conservator Ludie S. Varner and her son dealt with Miss Stevens in December of 1984, almost a year after the conveyance of her property to the defendant, and purchased her car in the same manner as Mr. Patrick had purchased the property in question.
On the question of inadequate consideration:
The price given for the property in question certainly does not meet the test of inadequacy of consideration, in the opinion of this court. The price of $42,000 may not have been the highest price that could have [been] obtained by the grantor for this property, but the testimony with respect to the possible price that could have been given certainly is questionable enough that the court doubts that the value of $60,000 would have been a true and best value at the time of this sale.... Mr. Morrow, the only appraiser who testified and who, incidentally, gave a very convincing and believable report of his appraisal, testified that the price paid for Miss Stevens' land was adequate.
On the issue of a confidential relationship between Stevens and Patrick:
The court did consider the testimony concerning the confidential relationship alleged but did not believe that Mr. Patrick had overreached the ward Miss Stevens with any confidential relationship. This court doubts any such relationship, but in the event the testimony in this case causes such presumption to be raised, the court is of the opinion that same was sufficiently overcome by the testimony of the defendant so that any such confidential relationship, coupled together with the age of the ward, did not create a situation that would require this court to set aside the deed made by Miss Vera Mae Stevens to D.K. Patrick.
The burden of proving lack of mental capacity rests on the party seeking to have the deed of conveyance set aside. Clear and convincing evidence is required to establish lack of mental capacity and the crucial time in such incapacity is when the document is executed. Richardson v. Langley, 426 So.2d 780 (Miss. 1983); Thigpen v. Payton, 391 So.2d 629 (Miss. 1980); Williams v. Wilson, 335 So.2d 110 (Miss. 1976); Moore v. Stone, 208 So.2d 585 (Miss. 1968); Texaco, Inc. v. Musgrove, 253 Miss. 209, 175 So.2d 490 (1965); Herrington v. Herrington, 232 Miss. 244, 98 So.2d 646 (1957); Gillis v. Smith, 114 Miss. 665, 75 So. 451 (1917).
In Richardson, supra, this Court held:
We have traditionally made a distinction between "weakness of intellect" and a total lack of capacity to execute a deed. Such a "weakness of intellect" when coupled with another factor, such as grossly inadequate consideration, or the existence of a confidential relationship may be sufficient to warrant the granting of equitable relief. Absent such a confidential relation, or grossly inadequate consideration, a "weakness of intellect" in and of itself, which does not rise to the *323 standard of a total lack of capacity to execute a deed is an insufficient basis upon which to set aside a deed. [Citations omitted].
426 So.2d at 783. See also Cunningham v. Lockett, 216 Miss. 879, 63 So.2d 401 (1953); Harvey v. Meador, 459 So.2d 288 (Miss. 1984).
We are of the opinion that the chancellor's findings were supported by substantial evidence and we cannot say that he was manifestly wrong in dismissing the complaint. Leard v. Breland, 514 So.2d 778 (Miss. 1987); Est. of Johnson v. Adkins, 513 So.2d 922 (Miss. 1987); Ford v. Lamar Life Ins. Co., 513 So.2d 880 (Miss. 1987); Rice Researchers, Inc. v. Hiter, 512 So.2d 1259 (Miss. 1987); Gulf National Bank v. Sturtevant, 511 So.2d 936 (Miss. 1987); Brown v. Williams, 504 So.2d 1188 (Miss. 1987); Harkins v. Fletcher, 499 So.2d 773 (Miss. 1986); Dillon v. Dillon, 498 So.2d 328 (Miss. 1986).
The judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS, P.J., and ROBERTSON, PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., not participating.
NOTES
[1] The Rankin County appraisal apparently was made under the county appraisal requirement for the purpose of assessing the land for ad valorem taxes.