IRVING, J.,
 

 for the Court:
 

 ¶ 1. This appeal arises out of a complaint filed in the George County Chancery Court by John Wendell Fallon in his capacity as administrator of the estate of his mother, Lessie Fallon, to set aside a deed from her to his sister, Emma Lee Fallon. The chancellor found that the deed was supported by sufficient consideration and refused to set it aside. Feeling aggrieved, John appeals and asserts that the chancellor erred in refusing to set the deed aside.
 

 ¶ 2. Finding no reversible error, we affirm.
 

 FACTS
 

 ¶ 3. Lessie and her husband, Ray Fallon Sr., had ten children — Lillie, Ray Jr., Emma, Wayne, Matthew, Arties, Frankie, John, Bill, and Gary. Ray Sr. died in 1965. At the time of his death, he and Lessie were seized of approximately forty acres of land which passed to Lessie and the ehil-dren. In 1975, the children deeded their undivided interest in the property to Lessie. At various times between April 1977, and September 1998, Lessie deeded separate tracts of land to five of her children, including Emma, who received twenty-one acres of land encompassing Lessie’s homestead. In the conveyance to Emma, Lessie reserved unto herself a life estate. Emma, who had lived in the home with Lessie all of her life, died in 2004.
 
 [1]
 
 Lessie died the following year.
 

 ¶ 4. In his complaint, John alleged that sufficient consideration did not exist to support Lessie’s conveyance to Emma.
 
 [2]
 
 A hearing was held on September 12, 2008. Following the hearing, the chancellor upheld the conveyance, finding that sufficient consideration existed to support it. It is from that decision that John appeals.
 

 ANALYSIS AND DISCUSSION OF THE ISSUE
 

 ¶ 5. It is well settled that an appellate court “will not disturb the factual findings of a chancellor unless such findings are manifestly wrong or clearly erroneous.”
 
 Estate of Dykes v. Estate of Williams,
 
 864 So.2d 926, 930 (¶ 9) (Miss.2003) (citing
 
 In re Conservatorship of Bardwell v. Bardwell,
 
 849 So.2d 1240, 1245 (¶ 16) (Miss.2003)).
 

 ¶ 6. The deed in question reads, in pertinent part, as follows:
 

 KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the price and sum of Ten ($10.00) Dollars, cash in hand to us paid and other
 
 *1283
 
 good and valuable considerations [sic] not herein mentioned, the receipt and sufficiency of all of which is hereby acknowledged, I, MRS. LESSIE FAL-LON, do hereby bargain, sell, convey and warrant, subject to the exceptions hereinafter set out, unto EMMA LEE FALLON, certain property together with all improvements located thereon, located in George County, Mississippi....
 

 The chancellor, in his judgment, concluded that “it is undisputed that Emma provided love, companionship and care for her mother during her life. As such, proper consideration was given in exchange for [the] property deeded from Lessie to Emma.”
 

 ¶ 7. We note that the deed, by its terms, does not provide that the property was being conveyed because of the love, companionship, and care provided by Emma. Aso, the record does not contain any evidence of an agreement between Lessie and Emma whereby Lessie agreed to convey the land to Emma in return for Emma taking care of her. However, as we will discuss, we do not find that this absence of evidence is fatal to the validity of the deed.
 

 ¶ 8. As noted, the deed acknowledges the receipt and sufficiency of other good and valuable consideration not mentioned in the deed. It cannot reasonably be argued that love and affection cannot serve as sufficient consideration to support a conveyance by deed.
 
 See Houser v. Houser,
 
 251 Miss. 209, 220, 168 So.2d 801, 805 (1964). Further, it is well settled that: “A man of sound mind may execute a will or a deed from any sort of motive satisfactory to him, whether that motive be love, affection, gratitude, partiality, prejudice, or even a whim or caprice.”
 
 Herrington v. Herrington,
 
 232 Miss. 244, 250-51, 98 So.2d 646, 649 (1957) (quoting
 
 Burnett v. Smith,
 
 93 Miss. 566, 47 So. 117, 118 (1908)).
 

 ¶ 9. There is a presumption in this state that “[w]here the instrument in controversy contains a statement or recital of consideration, it creates a rebuttable presumption that consideration actually existed.”
 
 Daniel v. Snowdoun Ass’n,
 
 513 So.2d 946, 950 (Miss.1987) (citing 17 C.J.S.
 
 Contracts
 
 § 73). Aso, it has long been established that “[t]he general rule is that this presumption is established even by such expressions as ‘for value,’ ‘for good and sufficient consideration,’ ‘for value received’ or, ... ‘for valuable consideration.’ ”
 
 Id.
 
 (quoting
 
 Frunk v. Irgens,
 
 27 Minn. 43, 6 N.W. 380, 380 (1880)). As stated, the deed recites sufficient and adequate consideration in accordance with the law of this state.
 

 ¶ 10. Our review of the record reflects that John failed to rebut the presumption that the consideration recited in the deed from Lessie to Emma in fact existed. Finding himself without any factual evidence to offer, John argues that the conveyance was made pursuant to a bargained-for-deal, which required consideration and that the chancellor erred in relying on Mississippi law as it relates to gifts to uphold the deed. At the hearing, John testified that the entire family took care of Lessie and that Emma, even though she lived with Lessie, provided no more service than any other family member. Further, John argues that there is no proof that the deed was supported by consideration. As to John’s last argument, apparently he overlooks the fact that it is he who had the obligation of rebutting the presumption regarding the adequacy of consideration, as the law presumes that the consideration stated in the deed is adequate and was in fact received. So, any failure of proof in this regard weighs against John’s position, not the validity of the deed. As to John’s first argument that the conveyance was made pursuant to a bargained-
 
 *1284
 
 for-deal, it is simply that, an argument. He has not offered any facts to suggest that Lessie conveyed the property to Emma on the condition that Emma would take care of her until her death. Accordingly, we cannot find the chancellor’s decision to uphold the deed manifestly wrong or clearly erroneous. There is no merit to this issue.
 

 ¶ 11. THE JUDGMENT OF THE GEORGE COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 . The record reflects that a sitter also lived in the home for the two years prior to Emma's death. Emma left as her sole heir at law one son, Jimmy Glenn Fallon.
 

 [2]
 

 . John also asserted a claim of undue influence. However, at the beginning of the hearing, John abandoned his undue influence argument, and the parties agreed by stipulation that consideration was the only issue before the court. In his judgment the chancellor commented upon the effect of the stipulation as follows: "This stipulation did not permit the court to address whether there was any undue influence or other alleged deficiencies regarding the deed.”