419 So.2d 1327 (1982)
SQUARE D COMPANY
v.
Louis E. EDWARDS.
No. 53160.
Supreme Court of Mississippi.
August 11, 1982.
Rehearing Denied October 27, 1982.
Holcomb, Dunbar, Connell, Merkel, Tollison & Khayat, Grady F. Tollison, Jr., Mary Ann Connell, Oxford, for appellant.
Omar D. Craig, William K. Duke, Oxford, for appellee.
Before SUGG, BROOM and BOWLING, JJ.
SUGG, Presiding Justice, for the Court:
The appellee Louis E. Edwards, filed suit in the Circuit Court of Pontotoc County against Square D Company and Robbins & Myers, Inc., seeking damages for injuries he sustained while using a Robbins & Myers hoist controlled with a push button switch box manufactured by Square D Company. The jury found in favor of appellee against Square D Company, and assessed damages at $50,000. We consider only the question of whether plaintiff should have supplemented his answers to interrogatories propounded by Square D. Our decision in this question requires a reversal and remand for a new trial.
In Interrogatory No. 1, plaintiff was requested to furnish the names and addresses of all experts he expected to call as witnesses to give opinion testimony, and in Interrogatory 1-G, the substance of the opinions to which such experts were expected to testify. Plaintiff answered the interrogatories on January 24, 1979 and listed the name of his expert as Robert E. Briggs and in response to Interrogatory 1-G stated, "Unknown as no oral or written opinion has been expressed or furnished to me or my counsel." Plaintiff filed a supplemental answer to the interrogatories on March 11, 1980 and supplemented his answer to Interrogatory 1-G in the following language: "See deposition taken on June 20, 1979."
Plaintiff's claim was predicated on evidence that the switch manufactured by Square D was defectively designed. At trial, plaintiff's expert, Briggs, testified that three defects existed in the design of the switch manufactured by Square D; however, *1328 it was developed on cross examination that the expert did not list the three defects in design in his deposition of June 20, 1979 that he testified to at trial. Therefore, the question of whether plaintiff was under a duty to supplement his answer to Interrogatory 1-G is squarely before the Court.
Section 13-1-226[1] Mississippi Code Annotated (Supp. 1981) permits a party, through interrogatories, to require any other party to identify the names of experts expected to be called as witnesses and to state the subject matter, and substance of the facts and opinions to which such expert is expected to testify.
(4) Trial preparation: experts. Discovery of facts known and opinions held by experts, otherwise discoverable under subsection (b)(1) of this section and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
(A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. [Mississippi Code Annotated, Section 13-1-226(b)(4)(A) (Supp. 1981)]
In the event the initial responses do not adequately divulge the names of experts and the substance of the facts and opinions to which such experts are expected to testify, such party is under a duty seasonably to supplement a prior response.
(e) Supplementation of responses. A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:
(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to (A) the identity and location of persons having knowledge of discoverable matters, and (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

(2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (A) he knows that the response was incorrect when made, or (B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment. [Mississippi Code Annotated § 13-1-226(e) (Supp. 1981)]
In Clark v. Mississippi Power Company, 372 So.2d 1077 (Miss. 1979) defendant propounded interrogatories to the plaintiff. Interrogatory 37 requested the name of any expert witness, the subject matter on which the expert was expected to testify, the substance of the facts and opinions as to which such expert was expected to testify, and for a summary of the grounds for each such opinion. Plaintiff's answer was, "None at the present time, but there will be an expert; name will be furnished later." The name of the expert was not furnished until the morning of the trial and on the second day of trial the expert was presented as a witness. Upon objection by defendant, the trial court ruled that the expert could not testify because of the failure of plaintiff to conform to section 13-1-226. On appeal, we affirmed the action of the trial court.
In Huff v. Polk, 408 So.2d 1368 (Miss. 1982) plaintiff propounded interrogatories to the defendant. In one interrogatory plaintiff asked the defendant if he expected to call expert witnesses and in another interrogatory for the substance of the experts' testimony. In answer to the first interrogatory defendant replied, "Not determined at this time," and in answer to the other interrogatory stated, "Not applicable." *1329 Shortly before the trial began, defendant's attorney furnished plaintiff's attorney with supplemental answers to the interrogatories listing two doctors who would be called as experts and orally advised plaintiff's attorney that another might be called. Plaintiff's attorney dictated into the record a motion to exclude the testimony of the proposed expert witnesses on the ground that their names were not divulged until the day of the trial and that plaintiff had no chance to prepare for trial with reference to the testimony of the proposed witnesses.
The trial judge permitted the witnesses to testify after offering plaintiff a continuance. On appeal, we reversed and remanded holding that the witnesses should not have been permitted to testify for failure to supplement the answers to interrogatories. With reference to the offer of the trial court to give the plaintiff a continuance, we stated:
First, we have seen the appellant already had incurred the expense of preparation for trial, including the payment to a medical expert who was on his way from Jackson to Meridian. We can almost take judicial knowledge that this would be rather expensive.
The main point, however, is that under the lower court's ruling in this case, in justifying his actions by offering a continuance, the court is setting up a situation where either party to a cause in litigation may decide that he will not be ready for trial on the day it is set and wishes a delay. He could get one by not conforming to the above quoted discovery rules until the morning of the trial, knowing that he would get a continuance by the court giving the already prepared opposition a continuance. We certainly cannot condone the possibility of a situation such as that being legalized. (408 So.2d at 1371)
In both Clark and Huff, we held that section 13-1-226 requires a party who has answered interrogatories to supplement such answers by stating the names of the experts expected to be used at trial when the names of experts were not given in the original responses to the interrogatories. The statute, in addition to requiring a party to supplement the answers to interrogatories to disclose the names of experts expected to be used at trial, also requires the party to supplement responses to state the substance of the experts' testimony. This was not done by the plaintiff in the case at bar.
Vague or unresponsive answers to interrogatories cannot be tolerated if the process of discovery is to survive as a reasonable method of discovering the information requested in the interrogatories. One of the principal reasons for permitting interrogatories for pretrial discovery of the opinion held by experts and the substance of their testimony is to prevent trial by ambush and surprise; therefore, "Discovery of expert opinion must not be allowed to degenerate into a game of evasion." Voegeli v. Lewis, 568 F.2d 89 (8th Cir.1977).
We therefore hold that a party must not only supplement interrogatories to reveal the identity of expert witnesses expected to be called at trial, but must also supplement interrogatories to reveal the substance of the testimony of such experts, if not stated in answers to the original interrogatories.
We therefore reverse and remand for a new trial because plaintiff did not supplement his interrogatories to state the substance of the testimony of his expert.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
HAWKINS, J., specially concurs.
HAWKINS, Justice, specially concurring:
The purpose of discovery is to prevent surprise. Even if no interrogatories had been filed in this case, there was a positive duty of the plaintiff to supplement the responses made by his expert in the expert's deposition relative to the substance of his testimony. Mississippi Code Annotated section 13-1-226(e)(1). Attorneys representing both sides in lawsuits would be well-advised to follow the letter and spirit of this rule.
NOTES
[1] The Mississippi Rule of Civil Procedure now in effect is substantially the same as section 13-1-226 except for the narrowing provision of Mississippi Rules of Civil Procedure 26(b)(1) limiting discoveries to issues rather than to subject matter, and the addition of a new section (c) which provides for the discovery conference.