503 So.2d 795 (1986)
Henry L. HARRIS
v.
GENERAL HOST Corporation d/b/a Little General Store # 339.
No. 55984.
Supreme Court of Mississippi.
November 12, 1986.
As Modified on Denial of Rehearing March 18, 1987.
E. Foley Ranson, Sadler & Ranson, Ocean Springs, for appellant.
James H. Heidelberg, Bryant, Stennis & Colingo, Pascagoula, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal arises from the fact that a defendant in a civil action was obligated under our familiar discovery rules to disclose in advance of trial the name of a medical expert witness but didn't. The Circuit Court nevertheless allowed the expert, who was a physician, to be called as a witness, apparently on the theory that the physician was a "rebuttal witness." For the reasons set forth below this was error. We reverse and remand for a new trial.

II.
This matter arises from Henry L. Harris' April 19, 1982, encounter with the double entrance/exit doors of the Little General Store on Chico Street in Pascagoula, Mississippi. Harris claims that the right door functioned improperly and slammed against him, striking him in the shoulder and neck on his right side, inflicting personal *796 injuries. Immediately thereafter Harris went to the emergency room at a local hospital where he was seen and treated by Dr. Charles H. Allen, Jr., the medical expert witness no doubt unwittingly thrust to center stage in this appeal.
On December 7, 1982, Harris commenced this civil action by filing his complaint in the Circuit Court of Jackson County, Mississippi, naming as Defendant General Host Corporation, d/b/a Little General Store # 339. Thereafter, pursuant to Rules 26(b) and 33, Miss.R.Civ.P., Harris propounded interrogatories to General Host requesting, inter alia, that General Host disclose in writing
2. Names, addresses and telephone numbers of every person that you intend or might call at the trial of this cause and a brief statement as to what each witness will testify to.
3. Names of all experts you intend to call.

In response to the interrogatory concerning experts, General Host answered on February 23, 1983,
As to interrogatory numbered three (3.), this has not been determined at this time.
No doubt in recognition of a duty to supplement its discovery responses, on April 17, 1984, General Host advised Harris that it would call as an expert witness Christopher E. Wiggins, M.D., Doctors Plaza, Hosptial Road, Pascagoula, Mississippi 39567. No further expert witnesses were listed by General Host, nor was Dr. Allen ever listed in response to Interrogatory No. 2.
On April 23, 1984, this matter came on for trial. After the Plaintiff Harris had rested, General Host called two lay witnesses and then called Dr. Allen. Harris' attorney objected immediately on grounds that Dr. Allen's name had not been disclosed in answer to interrogatories. Counsel for General Host responded that Dr. Allen was a "rebuttal witness" and as such General Host had no obligation to name him in answer to interrogatories. The Circuit Court overruled the objection and allowed Dr. Allen to testify. Dr. Allen proceeded to relate to the jury that he saw Harris at approximately 10:45 p.m. on April 18, 1982, in the Singing River Hospital, that he listened to Harris' complaints, gave him the standard physical examination including x-rays and, in the end, stated that he was unable to find much wrong with Harris.
Following the testimony of other witnesses not pertinent to this appeal, the matter was submitted to the jury for decision, and on April 25, 1984, the jury returned a verdict in favor of General Host and against Harris. The Circuit Court thereupon entered final judgment dismissing Harris' complaint. Thereafter, Harris filed a motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial, one of the grounds of which was the suggestion that the Circuit Court had erred in allowing Dr. Allen to testify when his name had not been disclosed in answers to interrogatories. On May 11, 1984, the motion for a new trial was overruled and denied. This appeal has followed, with Harris renewing his complaint regarding Dr. Allen's testimony.[1]

III.
We have long been committed to the proposition that trial by ambush should be abolished, the experienced lawyer's nostalgia to the contrary notwithstanding. We have sought procedural justice through a set of rules designed to assure to the maximum extent practicable that cases are decided on their merits, not the fact that one party calls a surprise witness and catches the other with his pants down. One of the most obviously desirable and rigidly enforced *797 of these rules is that requiring pretrial disclosure of witnesses.
Specifically, Rule 26(b)(4)(A)(i) provides:

Trial Preparation: Experts. Discovery of facts known and opinions held by experts, ... may be obtained only as follows:
A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter of which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
Procedural rights created under this rule must be taken seriously. Boyd v. Lynch, 493 So.2d 1315, 1320 (Miss. 1986); Winston v. Cannon, 430 So.2d 413, 416 (Miss. 1983); Square D Company v. Edwards, 419 So.2d 1327 (Miss. 1982); Huff v. Polk, 408 So.2d 1368 (Miss. 1982); Clark v. Mississippi Power Company, 372 So.2d 1077 (Miss. 1979).
When at an early stage of the pre-trial proceedings, interrogatories request the names of witnesses to be called by trial, quite often the answering party may legitimately respond that he does not yet know. Recognizing this, our rules provide that responses be supplemented, particularly where the interrogatory asks for disclosure of expert witnesses. See Rule 26(f)(1)(B); Jones v. Hatchett, 504 So.2d 198, 201 (Miss. 1987). See also Maryland Casualty Co. v. City of Jackson, 493 So.2d 955, 959 (Miss. 1986); Scafidel v. Crawford, 486 So.2d 370, 372 (Miss. 1986); Square D Company v. Edwards, 419 So.2d 1327, 1329 (Miss. 1982). The discovery violation suggested here is not that General Host failed to list Dr. Allen at the time its initial responses were filed on February 23, 1983. Rather, our concern is that General Host did not disclose the name of Dr. Allen "seasonably" upon determining that Dr. Allen would likely be a witness and, in any event, sufficiently far in advance of trial to afford Harris and his counsel a reasonable opportunity to prepare to meet the evidence to be offered through Dr. Allen via cross-examination or otherwise.
General Host's claim that Dr. Allen was a "rebuttal witness" profits it nothing. There is nothing in our rules of procedure that authorizes a party to withhold the names of likely expert witnesses on such grounds, except only for the circumstance where the party had no reasonable means of anticipating in advance of trial the need for calling the witness. Certainly the physician who examines and treats a personal injury plaintiff on an occasion immediately following the alleged injury will almost never be the sort of witness whose identity might be withheld with propriety.
In any event, General Host's argument proves too much. If the testimony of Dr. Allen is rebuttal testimony because it is given in answer to some of the testimony offered as a part of the Plaintiff's case-in-chief, all evidence of a defendant must be treated as rebuttal. If we accepted General Host's theory, there would be no basis on principle for ever requiring a defendant to disclose in advance the evidence it would offer at trial, for all such defense evidence in this sense is rebuttal.[2]
We have effectively dispatched the "rebuttal witness" ruse for non-disclosure of witnesses in the context of criminal cases. Coates v. State, 495 So.2d 464, 466 (Miss. 1986); Johnson v. State, 491 So.2d 834, 836-37 (Miss. 1986); Tolbert v. State, 441 So.2d 1374, 1375 (Miss. 1983). We ascertain no reason on principle why we should credit such a ploy in the context of a civil action.
On petition for rehearing General Host makes a two-fold argument: (a) Harris also violated his discovery obligation to disclose to General Host the name of Dr. Allen and (b), in any event, Harris knew of Dr. Allen *798 and was not prejudiced by General Host's failure in its duty. Neither point has merit.
Discovery rights and duties are separable. The right of a party to a civil action to discover of and from his adversary is independent of the adversary's right to discover in return, and vice versa as to the duties to make discovery. An expression of this premise is the well-settled rule that a party may not refuse to respond to discovery on grounds he already knows of or has access to the information sought. 4 Moore's Federal Practice §§ 26.59, 33.13 (2d ed. 1984). "... [A] distinction should not be drawn between facts within or without the knowledge of the examining party." Id. at § 26.59, p. 26-182. See also 8 Wright and Miller, Federal Practice and Procedure § 2014 (1970). The identity of Dr. Allen was discoverable as "any matter... relevant," Rule 26(b)(1), Miss.R.Civ.P., notwithstanding equal availability of his identity to Harris.[3]
If General Host were of the view that Harris had violated his duty to make discovery, it too may have sought remedies or sanctions within Rule 37. Not found among those remedies is a self-help refusal of its own discovery obligations. Further, knowledge of a witness' existence and identity, particularly a medical expert witness, is a far cry from preparedness for cross-examination of Dr. Allen. There is nothing in the record before us that suggests Harris' counsel had any reason to expect that Dr. Allen would be a witness at trial until the moment General Host called him. That counsel in fact made the best of the situation, his objection being overruled and went ahead and cross-examined as best he could in no way suggests that a far more effective job of cross-examination could not have been done had General Host complied with its discovery obligation in the premises.
We hold that Plaintiff Harris, by filing the interrogatories in question, acquired a procedural right that General Host disclose the name of Dr. Allen within a reasonable time after it ascertained or reasonably should have ascertained that Dr. Allen would probably be called as a witness and, in any event, sufficiently in advance of trial so that Harris and his counsel might have a reasonable opportunity to prepare to meet and cross-examine the evidence to be offered by Dr. Allen. General Host clearly breached its duty to Harris in this regard.[4] Where such a breach occurs, one of the sanctions authorized under our rules is "an order ... prohibiting him [the defaulting party] from introducing designated matters in evidence." Rule 37(b)(2)(B) and (d), Miss.R. Civ.P. At the very least, this is the sanction the Circuit Court ought to have employed in the case at bar, that is, the Circuit Court committed error when it allowed Dr. Allen to testify over the objection of Plaintiff Harris. Boyd v. Lynch, 493 So.2d 1315, 1320 (Miss. 1986). The judgment below is reversed and the case remanded to the Circuit Court for a new trial.[5]Square D Company v. Edwards, 419 So.2d 1327, 1329 (Miss. 1982); Huff v. Polk, 408 So.2d 1368 (Miss. 1982).
PETITION FOR REHEARING DENIED; OPINION MODIFIED; REVERSED AND REMANDED.
ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, SULLIVAN and GRIFFIN, JJ., concur.
WALKER, C.J., and ANDERSON and DAN M. LEE, JJ., dissent by separate written opinion.

ON PETITION FOR REHEARING
ANDERSON, Justice, dissenting.
I respectfully dissent. While the general principles of the original opinion are eminently *799 sound, their applicability to the facts of this case is not readily apparent.
The opinion remarks that "[t]here is nothing in our rules of procedure that authorizes a party to withhold the names of likely expert witnesses ... except only for the circumstances where the party had no reasonable means of anticipating in advance of trial the need for calling the witness." (Emphasis added).
Just so, but the present case presents exactly such a circumstance. Dr. Allen was the physician who treated Harris after the incident, but the defendant was unaware of this because he was misled by the plaintiff's answer to his interrogatory. Plaintiff listed Drs. Wiggins, McCloskey and Netherland as the treating physicians. General Host did not learn about Dr. Allen until the trial itself.
Under these circumstances, it was a reasonable course (if not the only reasonable course) for the trial judge to allow Dr. Allen to testify as a rebuttal witness.
I would grant the petition for rehearing.
WALKER, C.J., and DAN M. LEE, J., join this dissent.
NOTES
[1] Ordinarily, we would not consider reversal by reason of an error regarding a damages witness in the face of a jury verdict for defendant on liability. In the case at bar, however, the defense strongly urged that Harris simply wasn't injured and, indeed, Dr. Allen's testimony was offered to support that defense view. In the present context, the jury's verdict may as easily have represented a conclusion on the part of the jurors that Harris was not damaged as well as that General Host was without liability.
[2] Our review of the record reveals that Plaintiff Harris never directly brought up Dr. Allen's name. Instead, Dr. Allen was first mentioned at trial when the defense counsel asked Harris on cross-examination if he had seen Dr. Allen in the emergency room. Harris testified that he did not know the name of the doctor who treated him.
[3] We note again, see footnote 2, supra, that Harris denies that he knew the name of the physician who treated him in the emergency room, although nothing turns on the point.
[4] In view of the form and wording of Interrogatory No. 3, General Host would not be deemed guilty of a discovery violation requiring reversal had it not called Dr. Allen as a witness at trial.
[5] On remand, of course, General Host may supplement its answers to interrogatories and, if it does so, the present objection to its rights to produce Dr. Allen as a witness will be removed.