ROY NOBLE LEE, Chief Justice,
for the Court:
The Chancery Court of Harrison County, Mississippi, entered judgment on April 17, 1990, granting a divorce to Tammy L. Sche-pens from her husband, Henry A. Sche-pens, Jr., upon the ground of habitual, cruel and inhuman treatment. At the same time, the court also awarded Mr. Schepens the permanent care, custody and control of two minor children of the parties, Henry Alex Schepens, III, born August 31, 1984, and Ryan Matthew Schepens, born July 20, 1986, together with liberal visitation rights to Mrs. Schepens, which included, but were not limited to, specific times and dates of visitation.
The parties apparently had no grievance as to the granting of the divorce, but Mrs. Schepens appeals from the award of child custody. She presents the following issues for consideration by this Court:
I. THE LOWER COURT ERRED IN FAILING TO GRANT APPELLANT A CONTINUANCE WHEN THE APPEL-LEE FILED HIS ANSWERS TO SECOND SET OF INTERROGATORIES ONLY FOUR DAYS PRIOR TO TRIAL WHICH DID NOT GIVE APPELLANT SUFFICIENT TIME TO PREPARE FOR POTENTIAL ADVERSE WITNESSES.
II. THE LOWER COURT ERRED IN FAILING TO GRANT TO APPELLANT CUSTODY OF THE PARTIES’ MINOR CHILDREN.
FACTS
The Schepens were married on December 10, 1983, in Long Beach, Mississippi. In April 1988, Mrs. Schepens filed suit for divorce, and on May 20, 1988, the parties filed a Property Settlement and Child Custody Agreement. One week later, Mr. Schepens filed his Answer to the Complaint for Divorce, and, on December 19, 1988, a Chancery Court Master approved the Property Settlement and Child Custody Agree *109 ment and supposedly recommended a divorce. Although the parties thought they were divorced, the decree was never entered.
Subsequently, on September 29, 1989, Tammy Schepens filed another complaint for divorce and custody of the two minor children, and, after a trial on the merits, the divorce was granted to her and custody of the children was determined as herein-above stated. No good purpose would be served by relating the testimony and the evidence in this case. It is sufficient to state that the chancellor had ample evidence to sustain the decree in granting the divorce and that he did not err in so doing. No objection is made against that part of the judgment.
The appeal is centered on the primary question of whether or not the chancellor was manifestly wrong in his award of custody and visitation rights to the parties. There is conflicting testimony and evidence as to the best interest of the children in awarding their custody. Each party produced evidence indicating that he or she would best serve the interest of the children and each party has produced rebuttal evidence as to the best interest of the children being served by their custody awarded to the other.
We note that Mrs. Schepens was awarded temporary custody for substantial periods of time during the trial and pendency of the action in the lower court. During the time between the first and second suits for divorce, Mr. Schepens had custody of the children for substantial periods of time. It appears from the record that the children were reasonably well cared for during the periods of time that each parent looked after and cared for them.
DISCUSSION
I and II
Appellant contends (1) the lower court erred in failing to grant her a continuance when Mr. Schepens filed his answers to the second set of interrogatories only four days prior to trial; and (2) the lower court erred in failing to grant her custody of the minor children. The issues will be discussed together.
Prior to trial and 106 days after Mrs. Schepen filed her second request, Mr. Sche-pens filed his responses to the discovery request, which included a list of witnesses. According to Mrs. Schepens’ attorney, he was unsuccessful in obtaining any information from two witnesses, since the witnesses refused to talk or hung up the telephone. Two of the witnesses called by Mr. Schepens were not family members and their appearance was a surprise. Prior to trial, Mrs. Schepens moved for a two week continuance in order to afford her the opportunity to depose the adverse witnesses. The continuance was denied.
Appellant cites and relies upon Jones v. Hatchett, 504 So.2d 198 (Miss.1987); Huff v. Polk, 408 So.2d 1368 (Miss.1982); and Square D Co. v. Edwards, 419 So.2d 1327 (Miss.1982) which involve expert witnesses. She also relies upon Mississippi Rules of Civil Procedure 26(b)(1). She did not demonstrate that she had been harmed or prejudiced by the court’s refusal to grant the continuance nor did she dispute the long standing rule that chancellors have broad discretion in the matters before them, including matters of continuance. Rives v. Rives, 416 So.2d 653 (Miss.1982).
The cases are legion that express the rule that a chancery court’s finding of facts, particularly in the area of divorce and child custody, will not be overturned unless they are manifestly wrong. Nichols v. Tedder, 547 So.2d 766, 781 (Miss.1989); Devereaux v. Devereaux, 493 So.2d 1310, 1312 (Miss.1986); Carr v. Carr, 480 So.2d 1120, 1122 (Miss.1985). Likewise, this Court will not hesitate to reverse when such findings are manifestly wrong. Bowers Window and Door Co., Inc. v. Dearman, 549 So.2d 1309 (Miss.1989); Culbreath v. Johnson, 427 So.2d 705, 707-08 (Miss.1983); Johnson v. Hinds County, 524 So.2d 947, 956 (Miss.1988).
The custody question here is.extremely close. It does not appear that the interest of the children has been adversely affected, or would be, by their custody and control being granted to either parent. Considering the closeness of the question, Mrs. Schepens lack of an opportunity to prepare for the two adverse non-family witnesses could have affected the evidence presented *110 and, necessarily, the chancellor’s decision. Therefore, we are of the opinion that the judgment of the lower court on the custody of the seven-year-old and five-year-old children should be vacated and the cause remanded for additional testimony affecting the best interest of the children.
While we do not recommend to the lower court that it provide for joint custody of the children, the court could grant the legal custody to one parent and then specifically provide, to a great extent, the times when each parent would exercise custody and control over them. Also, the court could provide for support of the children from each parent, which was not done in the final decree entered below. In this posture, it might not be necessary, in future years, to face the problem of the possible modification of custody on a change of circumstances, which adversely affected the welfare of the children.
The judgment of the lower court is vacated and the cause is remanded for further action not inconsistent with this opinion.
JUDGMENT VACATED AND CAUSE REMANDED TO THE LOWER COURT.
HAWKINS and DAN M. LEE, PJJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.