IN THE SUPREME COURT OF MISSISSIPPI
NO. 2006-IA-00047-SCT

**EPHEN L. BANKS AND JIMMY OGLESBY d/b/a
OGLESBY FARMS**

**v.**

**CURLIE DARNELL HILL**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/21/2005 |
| TRIAL JUDGE: | HON. KENNETH L. THOMAS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | BRADLEY FAREL HATHAWAY |
| | LAWRENCE DOUGLAS WADE, JR. |
| | WILLIAM O. LUCKETT |
| | JENNIFER LYN MILLER BERMEL |
| ATTORNEY FOR APPELLEE: | GEORGE F. HOLLOWELL, JR. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED- 04/03/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC**.

**DICKINSON, JUSTICE, FOR THE COURT:**

> *"We have long been committed to the proposition that trial by ambush should be abolished, the experienced lawyer's nostalgia to the contrary notwithstanding."*[1]

¶1.     In this automobile-accident case, the plaintiff's attorney failed properly and timely to designate experts.  Nevertheless, the trial court ordered that the plaintiff would be allowed to call her experts to rebut the defendants' case-in-chief.  The defendants filed a motion for an interlocutory appeal, which we granted.  After careful review, we find that, under the facts

---

[1]***Harris v. General Host Corp.***, 503 So. 2d 795, 796 (Miss. 1986) (cited and discussed later herein).

of this case, the trial court erred in ruling that the plaintiff might call experts to rebut the defendants' case-in-chief. Under the facts of this case, the plaintiff's experts must be restricted to offering opinions to rebut the defendants' experts' opinions, if any, which were not disclosed in discovery and not reasonably anticipated by the plaintiff.

## STATEMENT OF THE FACTS

¶2. The facts of the automobile collision which led to this lawsuit are not relevant to this appeal. Our concern today is limited to the conduct of the lawyers in the discovery process.

¶3. On more than one occasion, plaintiff's counsel failed to designate expert witnesses in a timely manner in accordance with the agreed scheduling order and the agreed amended scheduling orders entered by the trial court. The defendants timely designated their expert witnesses, fully disclosing the subject matter, facts, and opinions to which each expert would testify as well as the grounds of those opinions.

¶4. Two months later, the plaintiff requested leave to designate experts. One month after making this request, without waiting for the trial court to rule on her motion, the plaintiff designated two experts. The defendants responded by moving to strike plaintiff's attempted designation. The trial court denied the plaintiff's request to designate experts out of time and sustained the defendants' motion to strike the late designation of plaintiff's experts.

¶5. The plaintiff then filed a motion seeking to call one of the stricken experts in rebuttal. The trial court held that, even though the plaintiff did not properly designated experts, she would be allowed to call experts to testify in rebuttal of the defendant's case-in-chief. The defendants sought an interlocutory appeal from this ruling.

2

## ANALYSIS

¶6.     A trial court is granted wide discretion in managing discovery and issuing scheduling orders, and an abuse-of-discretion standard of review applies to such orders. ***Bowie v. Monfort Mem'l Hosp.***, 861 So. 2d 1037, 1042 (Miss. 2003). We similarly employ an abuse-of-discretion standard in reviewing a trial court's decision to sanction a party for violation of a scheduling order. ***Tinnon v. Martin***, 716 So. 2d 604, 611 (Miss. 1998).

¶7.     It is undisputed that the plaintiff on more than one occasion flagrantly ignored the rules of discovery and the duty to designate her expert witnesses. She never properly designated her experts and never disclosed the substance of opinions to be offered. Although the trial court granted the defendants' motion to strike the plaintiff's designation of experts, it nonetheless granted the plaintiff's request to call undesignated, undisclosed experts – at trial – to "rebut" the defendant's "case-in-chief."[2] Thus, by violating the rules, the plaintiff lost the battle, but won the war.

¶8.     The plaintiff has the burden of proof. ***Busick v. St. John***, 856 So. 2d 304, 312 (Miss. 2003). The defendant is not required to prove anything. A defendant's "case-in-chief" consists of evidence to contradict and rebut the evidence and claims presented by the plaintiff, and – in some cases – evidence to establish its affirmative defenses.

---

[2]A defendant's "case-in-chief" will consist of everything presented by the defendants, including the properly-disclosed opinions of their experts. Ordinarily, a rebuttal witness is called to contradict evidence not expected or reasonably anticipated. In this case, since the trial court should not allow the defendant's experts to testify to opinions which were not disclosed to the plaintiff, and since experts are not ordinarily needed to rebut facts, there should be nothing for the plaintiff's expert to rebut. However, rebuttal testimony should be allowed to contradict unexpected and undisclosed opinions provided by defendants' experts.

3

¶9. Discovery of "facts known and opinions held by experts" is governed by Rule 26 of the Mississippi Rules of Civil Procedure, which states, in pertinent part: "A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial . . . ." Miss. R. Civ. P. 26(b)(4)(A)(I). For purposes of today's case, the key phrase in the rule is "expects to call." The rule does not require the disclosure of an expert a party does not expect to call at trial.

¶10. After the trial court denied the plaintiff's request to designate experts out of time and sustained the defendants' motion to strike the late designation of plaintiff's experts, the plaintiff tenaciously argued that, even though she had disclosed neither the identity of her experts nor their opinions, she should nevertheless be allowed to call her experts to rebut opinions provided by the defendants' experts. The trial court responded to this argument by ordering that the plaintiff would be allowed to call experts to rebut the defendants' case-in-chief. The practical effect of this ruling – if allowed to stand – is that the plaintiff would be allowed to call an undisclosed expert to provide undisclosed opinions to rebut opinions which were fully disclosed by the defendants in discovery, and of which the plaintiff was fully aware.

¶11. The defendants properly and timely disclosed that their case-in-chief would include the testimony of experts. The opinions to be offered by the defendants' experts and other required information was provided. The plaintiff, on the other hand, provided nothing.

¶12. We find it would be inherently unfair and a violation of our rules of civil procedure for the plaintiff – who consistently has ignored the rules and violated the discovery deadlines – to appear at trial with experts whose opinions have not been properly disclosed to the

4

defendants, and to call these experts to "rebut" evidence offered in the defendants' case-in-chief. Furthermore, we find it disingenuous for the plaintiff to argue that she does not "expect" to call her experts, as envisioned by Rule 26(b).

¶13.    If the rules allowed the strategy argued by Hill, we fail to see why plaintiffs would designate and disclose experts. Plaintiffs would be free simply to wait until trial, and then call undesignated experts to "rebut" the defendant's case-in-chief.[3] The only protection from this tactic would be for a defendant not to offer any evidence in its case-in-chief.

¶14.    This Court must reject such ambush tactics, just as it has in the past. In *Harris v. General Host Corporation*, 503 So. 2d 795 (Miss. 1986), the defendant failed to disclose its expert witness in discovery. The *Harris* defendant argued (as Hill argues in the case sub judice) that failure to disclose the expert was not fatal, since the expert was to be called only as a rebuttal witness. The trial court in *Harris* "allowed the expert, who was a physician, to be called as a witness, apparently on the theory that the physician was a 'rebuttal witness.'" *Id*. In rejecting the "rebuttal" argument and reversing the trial court, the *Harris* Court stated:

> [The defendant]'s claim that [the expert] was a rebuttal witness profits it nothing. There is nothing in our rules of procedures that authorizes a party to withhold the names of likely expert witnesses on such grounds, except only for the circumstance where the party had no reasonable means of anticipating in advance of trial the need for calling the witness. . . .
>
> In any event, [the defendant]'s argument proves too much. If the testimony of [the expert] is rebuttal testimony because it is given in answer to some of the testimony offered as a part of the Plaintiff's case in chief, all evidence of a defendant must be treated as rebuttal. If we accept [the defendant]'s theory, there would be no basis on principle for ever requiring a defendant to disclose

---

[3]For that matter, what would stop defendants from following the same strategy? A defendant could just as easily claim that an undisclosed exert is being called to "rebut" something the plaintiff's expert said in the plaintiff's case-in-chief.

in advance the evidence it would offer at trial, for all such defense evidence in this sense is rebuttal.

*Id*. at 797.

¶15. Hill failed properly to disclose her experts' opinions. Consequently, she may not call those experts to offer opinions to "rebut" anything offered by the defendants in their case-in-chief. Hill was made fully aware of the experts to be called by the defendants, as well as the opinions to which they would testify. Thus, if she wished to counter the expected testimony from defendants' experts, she had fair opportunity to obtain experts of her own and properly to disclose her expert's opinions. This she did not do, and she will not be allowed to subvert the rule by offering the expert opinions as rebuttal to something offered by the defendant.

¶16. Our holding today should not be read always to prohibit a party from calling undisclosed experts to offer opinions in rebuttal. We cannot predict what might happen at a trial, and if one party's expert offers opinions which were not properly disclosed, then the trial court certainly should consider whether to allow opinions from undisclosed experts to rebut this unexpected evidence. We note, however, that such circumstances should be a rarity, since all experts and expert opinions should be disclosed prior to trial, eliminating the prospect of unexpected opinions at trial.

¶17. In accordance with the Mississippi Rules of Civil Procedure and this Court's prior decisions, we find the trial court's order must be restricted to allow the plaintiff to call experts only to rebut opinions from the defendants' expert not disclosed in discovery, and not reasonably anticipated.

6

## CONCLUSION

¶18. For these reasons, the decision of the trial court is reversed, and the trial court's order is restricted to allow the plaintiff to call experts to rebut opinions not disclosed in discovery, and not reasonably anticipated.

¶19. **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER, P.J., CARLSON, RANDOLPH AND LAMAR, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY, J.**

**DIAZ, PRESIDING JUSTICE, DISSENTING:**

¶20. I do not find that the trial court abused its discretion under Rule 37 by ordering that the plaintiff would be allowed to call expert witnesses in rebuttal. Therefore, I cannot join the majority opinion.

¶21. The majority cites only one case, *Harris v. General Host Corp.*, 503 So. 2d 795 (Miss. 1986), in support of its conclusion that the trial court abused its discretion by ordering that the plaintiff would be allowed to call experts to testify in rebuttal to the defendants' case-in-chief.[4] Although *Harris* is the case most closely on point, it should not control our decision in the present case because the facts are distinguishable. The expert witness in *Harris* that this Court held should not have been allowed to testify was not a "rebuttal

---

[4]It must be pointed out that, under the trial court's order, the plaintiff will not be allowed to call his untimely designated experts or use the expert reports they prepared to rebut the defendants' case-in-chief; she will only be permitted to call "other qualified experts" in rebuttal.

witness" because he was called by the defendant to testify during its case-in-chief.[5] *Id.* at 795-96. *See* **Morgan v. Commercial Union Assurance Co.**, 606 F.2d 554, 555 (5th Cir. 1979) ("Rebuttal is a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought out in his opponent's case in chief."). In response to the defendant's argument that the expert was a rebuttal witness, this Court observed: "If the testimony of Dr. Allen is rebuttal testimony because it is given in answer to some of the testimony offered as a part of the Plaintiff's case-in-chief, all evidence of a defendant must be treated as rebuttal." **Harris**, 503 So. 2d at 797.

¶22.   By contrast, in the present case, the expert witnesses the plaintiff is allowed to call, under the court's order, will truly be rebuttal witnesses – their testimony will be limited to rebutting the expert testimony introduced by the defendants during their case-in-chief.[6] Unlike the expert in **Harris**, the plaintiff's rebuttal experts will not be able to offer their own opinions about the facts of the case; they will only be able to offer critiques of the defendants' experts' opinions. *Cf.* **Int'l Bus. Machines Corp. v. Fasco Indus., Inc.**, 1995

---

[5]In fact, the expert was the doctor who treated the plaintiff at the hospital for the injuries he sustained at the defendant's store. **Harris**, 503 So. 2d at 796. His testimony was clearly not rebuttal testimony: he testified that "he listened to [the plaintiff's] complaints, gave him the standard physical examination including x-rays and, in the end, stated that he was unable to find much wrong with Harris." **Id.**

[6]The trial court stated in its bench ruling:

But that rebuttal evidence that may be put on by an expert will be limited to that testimony which would have been [sic] presented during the defendant's case in chief. If the defendant's case in chief does not cover a particular matter, then that matter cannot be addressed during the course of the rebuttal evidence presented by the plaintiff.

8

WL 115421, at *3 (N.D. Cal. Mar. 15, 1995) ("The supplemental or 'rebuttal' experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts. In this respect, a party can control the scope of the testimony of its adversary's rebuttal experts by limiting its own experts' testimony to a given subject matter."). In short, any concern that the plaintiff will be able to present her case-in-chief on rebuttal is not well founded.

¶23. The other major factual distinction between this case and *Harris* is the nature of the discovery violation and the prejudicial effect thereof on the opposing party. In *Harris* the defendant did not disclose the name of the expert witness in its response to the plaintiff's interrogatory asking it to name the experts it intended to call it trial. *Id.* at 796. As a result of the defendant's non-disclosure, the plaintiff was caught completely off guard when the defendant called the expert during its case-in-chief – hence this Court's stern language about "trial by ambush" and the "'rebuttal witness' ruse." *Id.* at 796-97.

¶24. In the present case, the plaintiff did not fail to disclose the names of her expert witnesses, as did the defendant in *Harris*; she merely failed to designate her experts before the deadline set in the parties' agreed amended scheduling order. Thus, her discovery violation was not nearly as egregious as that of the defendant in *Harris*. If the defendants in this case are prejudiced at all by the court's order allowing the plaintiff to call experts in rebuttal, such prejudice pales in comparison to the prejudice caused the plaintiff in *Harris* by the defendant's nondisclosure of its expert witness. Moreover, the majority's anxiety about the defendants in the present case being ambushed at trial by the plaintiff's rebuttal experts is unwarranted. First, the plaintiff will have to designate the expert witnesses she

9

plans to call in rebuttal sixty days before trial. *See* U.C.C.C.R. 4.04 A. ("Absent special circumstances the court will not allow testimony at trial of an expert witness who was not designated as an expert witness to all attorneys of record at least sixty days before trial."). Second, the defendants will have plenty of time to obtain discovery on the opinions of the plaintiff's rebuttal experts, since a trial date has not been set.[7] They can propound interrogatories to the plaintiff, requiring her to identify the names of the rebuttal experts she expects to call and "to state the substance of the fact and opinions to which the expert[s] [are] expected to testify and a summary of the grounds for each opinion"; depose the plaintiff's rebuttal experts; or serve a request for the production of documents relating to the rebuttal experts' opinions on the plaintiff. Miss. R. Civ. P. 26(a)(4)(A)(I).

¶25.    Since there is no controlling case law regarding the issue at hand, the Mississippi Rules of Civil Procedure must determine the outcome of this case. Rule 37(b) governs the failure of parties to comply with orders of the trial court. Miss. R. Civ. P. 37(b). It provides in relevant part: "If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending *may* make such orders in regard to the failure as are just . . . ." Miss. R. Civ. P. 37(b)(2) (emphasis added). Rule 37 clearly grants a trial court broad discretion in imposing sanctions for failing to comply with its discovery orders. This discretion includes whether to impose sanctions and what sanctions to impose. The only limitation on the trial court's discretion is that the sanction be "just."

---

[7]For what it is worth, the plaintiff's attorney has offered to pay for the additional costs incurred by the defendant in conducting additional discovery regarding the plaintiff's rebuttal expert's opinions.

¶26. The majority's holding, in essence, is that the trial court abused its discretion by *not* prohibiting the plaintiff from calling expert witnesses on rebuttal as a sanction for her failure to timely designate her experts, or, stated another way, by *not* imposing a severe enough sanction. This Court has never held that a trial court abused its discretion by *not* imposing a particular sanction for a discovery violation. In addition to lacking support in our precedent, the majority's holding also amounts to nothing more than second-guessing the trial court's judgment about what type of sanction was merited by the plaintiff's failure to comply with the scheduling order. We should not strip the trial court of its authority over the discovery process and impose the sanction we would have imposed if we were in the trial court's position. We should defer to the trial court's determination regarding the appropriate sanction for the plaintiff's discovery violation. As we have previously stated:

> Our trial judges . . . are in a much better position to resolve all pre-trial issues, including discovery, and it is not, and should not, be part of our mandated appellate review, to resolve such issues. . . . Our trial judges are likewise in a much better position to decide which parties and/or lawyers need to be sanctioned for their behavior . . . .

*Miss. Farm Bureau Mut. Ins. Co. v. Parker*, 921 So. 2d 260, 265 (Miss. 2005). Other courts have held that a trial court did not abuse its discretion by allowing a plaintiff to call an undesignated expert as a rebuttal witness. *McDonald v. Safeway Stores, Inc.*, 707 P.2d 416, 420 (Idaho 1985); *Iowa-Ill. Gas and Elec. Co. v. Hoffman*, 468 N.E.2d 977, 981-82 (Ill. App. Ct. 1984); *Shinrone, Inc. v. Tasco, Inc.*, 283 N.W.2d 280, 289 (Iowa 1979) ("The rule is clear that a court may, but is not required to, issue an order refusing to allow a disobedient party to introduce designated matters in evidence."). Accordingly, I cannot conclude that the trial court's sanction against the plaintiff for her failure to timely designate

11

her experts was unjust or an abuse of discretion because it did not prohibit her from calling expert rebuttal witnesses.

¶27.    I would affirm the trial court and therefore dissent.

**EASLEY, J., JOINS THIS OPINION.**