# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CT-01527-SCT

*KEN E. CLEVELAND, GEORGE T. SMITH-VANIZ, M.D., AND JACKSON HMA, INC., d/b/a CENTRAL MISSISSIPPI MEDICAL CENTER*

*v.*

*LANELL HAMIL, INDIVIDUALLY AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF EMMETT O. HAMIL, DECEASED, WHO ARE ENTITLED TO RECOVER UNDER THE WRONGFUL DEATH AND SURVIVAL STATUTE*

### <u>ON WRIT OF CERTIORARI</u>

| | |
|---|---|
| DATE OF JUDGMENT: | 06/07/2010 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WHITMAN B. JOHNSON, III |
| | MICHAEL F. MYERS |
| | LORRAINE WALTERS BOYKIN |
| | STEPHEN P. KRUGER |
| | JAN F. GADOW |
| | KRISTOPHER ALAN GRAHAM |
| | MARK P. CARAWAY |
| | CORY LOUIS RADICIONI |
| ATTORNEYS FOR APPELLEE: | ALTON EARL PETERSON |
| | LARRY STAMPS |
| | ANITA M. STAMPS |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND RENDERED - 08/08/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    At trial in this medical-negligence case, the plaintiff's only expert abandoned his pretrial opinion and – over the objection of the defendant – testified to a new opinion that was never disclosed in discovery.  The Court of Appeals reversed and remanded for a new trial.  But because the trial court should have granted a judgment notwithstanding the verdict, we reverse in part and render judgment in favor of the defendant.

**FACTS AND PROCEDURAL HISTORY**

¶2.    Emmett Hamil was admitted to Central Mississippi Medical Center, complaining of severe abdominal pain.  Dr. George T. Smith-Vaniz, a gastroenterologist, treated Hamil for gastrointestinal bleeding, and Dr. Ken E. Cleveland, a cardiovascular surgeon, surgically repaired his ulcer.  After approximately one week, Hamil was discharged.  The next morning, Hamil returned to the hospital complaining of further stomach pain and bleeding.  Surgery revealed a second ulcer, which had eroded a large blood vessel and precipitated Hamil's death.

¶3.    Lanell Hamil filed suit, alleging that the medical malpractice of Dr. Smith-Vaniz, Dr. Cleveland, and Jackson HMA caused the wrongful death of her husband.  During discovery, Lanell Hamil's expert, Dr. Louis Silverman, opined that Hamil's doctors deviated from the standard of care by failing to prescribe anti-ulcer medication at Hamil's discharge and allowing the second ulcer to develop post-discharge.

¶4.    At trial, Dr. Silverman admitted he later became aware that the doctors had prescribed such medication.  But he had developed a new theory of the doctors' malpractice, opining

over objection that, because the second ulcer was developing while Hamil was in the hospital, the doctors should have discovered it prior to Hamil's discharge. The plaintiff presented no additional expert testimony.

¶5. At the close of the plaintiff's case-in-chief, the circuit court denied a motion for a directed verdict by Dr. Smith-Vaniz, but granted a directed verdict in favor of Jackson HMA except for any vicarious liability it had through Dr. Smith-Vaniz. The jury returned a verdict in favor of the plaintiff against all three defendants, and the circuit court denied their motions for judgment notwithstanding the verdict (JNOV).

¶6. The Court of Appeals reversed the judgment against all three defendants.[1] The court rendered judgment for Dr. Smith-Vaniz because it found Dr. Silverman – a thoracic and cardiovascular surgeon – unqualified to render an opinion as to the standard of care for a gastroenterologist.[2] Because Dr. Silverman was the plaintiff's sole expert and he was unqualified to testify against Dr. Smith-Vaniz, the court found that the plaintiff could not establish a *prima facie* case of medical malpractice and rendered judgment in favor of Dr. Smith-Vaniz.[3] Further, because Jackson HMA was only vicariously liable for any negligence of Dr. Smith-Vaniz, the court rendered judgment in its favor.[4]

¶7. The Court of Appeals found that Dr. Silverman was qualified as an expert to testify to the standard of care for Dr. Cleveland, but the court found that the circuit court had abused

---

[1]*Cleveland v. Hamil*, ___ So. 3d___ , 2013 WL 936217, *9 (Miss. Ct. App. March 12, 2013).

[2]*Id.*

[3]*Id.*

[4]*Id.*

3

its discretion by overruling the objection to Dr. Silverman's previously undisclosed testimony.[5] The court held that Dr. Silverman's new theory of Dr. Cleveland's malpractice constituted trial by ambush and remanded the case for a new trial against Dr. Cleveland.[6]

¶8. Following Dr. Cleveland's motion for rehearing, the Court of Appeals modified its original opinion to explain why it had remanded the case for a new trial against Dr. Cleveland, stating that "where a plaintiff fails to offer qualified expert testimony -- and, thus, fails to present a prima facie case -- the supreme court and this court have held that the defendant is entitled to judgment in his favor."[7] But the court stated that "where the prevailing party blindsides the other party with surprise expert testimony, the supreme court has consistently remedied the unfairness by remanding for a new trial."[8] Therefore, the court found it proper to render judgment for Dr. Smith-Vaniz and Jackson HMA, while remanding for a new trial against Dr. Cleveland.

¶9. Dr. Cleveland petitioned this Court for a writ of *certiorari*, and we granted *certiorari*.

**ANALYSIS**

¶10. The single issue before us is whether the Court of Appeals erred by remanding for a new trial against Dr. Cleveland, rather than rendering a judgment in his favor. We hold that the Court of Appeals erred by remanding for a new trial.

---

[5] *Id.*

[6] *Id.*

[7] *Id.* at *8 (citing *Univ. of Miss. Med. Ctr. v. Lanier*, 97 So. 3d 1197, 1203 (Miss. 2012)).

[8] *Id.* (citing *Bailey Lumber & Supply Co. v. Robinson*, 98 So. 3d 986, 998 (Miss. 2012); *Hyundai Motor Am. v. Applewhite*, 53 So. 3d 749, 759 (Miss. 2011); *T.K. Stanley, Inc. v. Cason*, 614 So. 2d 942, 950-51 (Miss. 1992); *Jones v. Hatchett*, 504 So. 2d 198, 202 (Miss. 1987); *Square D Co. v. Edwards*, 419 So. 2d 1327, 1329 (Miss. 1982)).

4

In order to establish a *prima facie* case of medical malpractice, a plaintiff must prove "(1) the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant."[9]

¶11. And to establish the second and third prongs – that the defendant breached the applicable standard of care, and that the breach proximately caused plaintiff's injuries – the plaintiff must provide expert testimony.[10]

¶12. We have affirmed grants of summary judgment and directed verdicts in favor of defendants in medical-malpractice actions where the plaintiffs failed to produce a qualified expert.[11] Likewise, we have reversed a trial court's denial of a defendant's motion for directed verdict and rendered judgment in favor of the defendant where the plaintiff's qualified expert failed to testify to a reasonable degree of medical certainty.[12] Relying on this authority, the Court of Appeals properly rendered judgment in favor of Dr. Smith-Vaniz and Jackson HMA.

¶13. We find, however, that the Court of Appeals also erred by not rendering judgment in favor of Dr. Cleveland. While Dr. Silverman was qualified as an expert in cardiovascular surgery, his testimony concerning Dr. Cleveland's breach of the standard of care consisted

---

[9]***Hubbard v. Wansley***, 954 So. 2d 951, 956-57 (Miss. 2007) (citing ***Drummond v. Buckley***, 627 So. 2d 264, 268 (Miss. 1993) (citing ***Burnham v. Tabb***, 508 So. 2d 1072, 1074 (Miss. 1987))).

[10]***Id.*** at 957 (quoting ***Barner v. Gorman***, 605 So. 2d 805, 809 (Miss. 1992) (citing ***Latham v. Hayes***, 495 So. 2d 453 (Miss. 1986))).

[11]*See ,e.g.* ***McDonald v. Mem'l Hosp. at Gulfport***, 8 So. 3d 175, 182 (Miss. 2009); ***Hubbard***, 954 So. 2d at 966 (Miss. 2007); ***Troupe v. McAuley***, 955 So. 2d 848, 858 (Miss. 2007).

[12]***Lanier***, 97 So. 3d at 1203.

entirely of a new theory that the plaintiff did not disclose.[13] Had the trial judge excluded this testimony – as he should have – the plaintiff would have been without any expert testimony to establish that Dr. Cleveland breached the standard of care.

¶14.    Medical negligence cases are different from cases that do not call into question the standard of care of a medical provider. While expert testimony may be helpful in non-medical negligence cases, it is not required. But the failure to produce a competent medical expert prohibits the plaintiff from bringing the case to trial.[14] Indeed, in every kind of case, a judgment not withstanding the verdict is generally appropriate where the plaintiff has failed to produce sufficient admissible evidence to establish a *prima facie* case,[15] and the fact that a trial judge erroneously allows inadmissible evidence into the record – whether expert testimony or otherwise – does not abrogate that rule.

¶15.    In explaining why it remanded for a new trial against Dr. Cleveland, the Court of Appeals cited several cases, none of which related to medical negligence.[16] To be clear, a plaintiff may not use inadmissible evidence to establish the standard of care, or that a medical

---

[13]During discovery, Dr. Silverman opined that the second ulcer developed after Emmitt Hamil left the hospital because his doctors did not prescribe anti-ulcer medication. At trial, he testified that the doctors did prescribe anti-ulcer medication, but that the second ulcer was developing and should have been detected while Hamil was still in the hospital.

[14]***Hubbard***, 954 So. 2d at 957.

[15]***3M Co. v. Johnson***, 895 So. 2d 151, 167 (Miss. 2005); ***Wilson v. General Motors Acceptance Corp.***, 883 So. 2d 56, 63 (Miss. 2004); ***Harrison v. McMillan***, 828 So. 2d 756, 763 (Miss. 2002).

[16]***Hyundai Motor Am.***, 53 So. 3d at 749 (products liability); ***Bailey Lumber & Supply Co.***, 98 So. 3d at 986 (premises liability); ***T.K. Stanley, Inc.***, 614 So. 2d at 942 (environmental pollution); ***Jones***, 504 So. 2d at 198 (negligent operation of a motor vehicle); ***Square D Co.***, 419 So. 2d at 1327 (products liability).

provider failed to comply with that standard of care. Here, the plaintiff's only evidence of Dr. Cleveland's standard of care or breach thereof was inadmissible. Accordingly, it is clear that Dr. Cleveland was entitled to judgment notwithstanding the verdict.

**CONCLUSION**

¶16. The trial judge erred in allowing Dr. Silverman to testify to undisclosed opinions. And because the plaintiff failed to establish a *prima facie* case with admissible evidence, the trial judge erred in failing to grant Dr. Cleveland judgment notwithstanding the verdict. Accordingly, we reverse the judgment of the Court of Appeals in part and reverse the judgment of the Hinds County Circuit Court, rendering judgment for all defendants.

¶17. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND RENDERED.**

**WALLER, C.J., RANDOLPH, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR**.