LEE, C.J.,
Concurring in Part and Dissenting in Part:
¶ 30. With respect for the majority, I must dissent for two reasons. First, I find we should allow Schenille Martin to amend the record with missing jury instructions P-10 and P-12 or explain why they are missing. Second, I would find that Dr. Thomas Talbot’s testimony as to the speed of Floyd Martin’s vehicle was not admissible. I agree with the majority’s analysis on the remaining issues.

Jury Instructions

¶ 31. According to Martin’s brief, jury instruction P-10 instructed the jury that the driver for B & B Concrete, Inc. should have yielded the right-of-way to Floyd after Floyd had yielded to traffic that constituted an immediate hazard on Highway 278. This instruction would have tracked the language of Mississippi Code Annotated section 63-3-805 (Rev.2004). The theory of Martin’s case was that Floyd was either stopped or barely moving at the time of the collision, and he was only two or three feet at the most into the intersection when his vehicle was hit. Martin argues that instructions P-8, P-13, and D-19 are similar to P-10, but they do not address the driver’s duty to maintain a proper look out.
¶ 32. As to jury instruction P-12, Martin argues that this instruction would have addressed whether the driver for B & B was negligent in failing to take reasonable precautions to avoid the collision. Specifically, if the driver for B & B realized that Floyd was not going to stop at the stop sign, he should have taken precautionary action to avoid the accident. The proposed instruction would have tracked the language of section 63-3-805. Martin argues that this instruction was not covered by any other instruction.
¶ 33. I find that Martin raises valid arguments regarding the exclusion of these instructions. The majority has declined to review these instructions because they were not included in the record. I find this is punitive. Both Martin and B & B have made ■ arguments in their briefs regarding these instructions. No objection was made to the absence of the instructions from the record. Justice would be better served if this Court would seek to supplement the record with jury instructions P-10 and P-12.

Expert Testimony

¶ 34. Martin argues that B & B’s expert, Dr. Talbot, should not have been allowed to testify at all regarding Martin’s speed. In the alternative, Martin argues that Dr. Talbot should not have been allowed to testify beyond the opinions presented in his supplemental designation.
¶ 35. Dr. Talbot was designated as B & B’s expert on February 13, 2009. Dr. Talbot’s report opined that Floyd’s vehicle was in the right lane of Highway 278 when the collision occurred. Martin’s expert, Tim Corbitt, was designated on February 17, 2009. Corbitt opined that Floyd’s vehicle was either stopped or “moving very slowly” when the collision occurred. On September 2, 2009, Dr. Talbot supplemented his report and stated that Floyd’s vehicle was traveling “at least 15 M.P.H.” This was twenty-seven days before trial. However, at trial, Dr.' Talbot testified that Floyd’s vehicle was traveling “twenty-five to thirty miles an hour.” Martin’s counsel objected to the testimony, and the objection was overruled.
*620 ¶ 36. Mississippi Rule of Civil Procedure 26(f)(1) requires litigants to supplement interrogatory responses in regard to “the substance of the testimony.” The rule also imposes a duty on the parties to amend a prior response when “the party knows that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.” M.R.C.P. 26(f)(2)(B). The failure to supplement or amend a response seasonably is a discovery violation that may warrant sanctions, including exclusion of evidence. Ekornes-Duncan v. Rankin Med. Ctr., 808 So.2d 955, 958 (¶ 10) (Miss.2002). Rulings on discovery violations will not be overturned absent an abuse of discretion. Id. (citing Gray v. State, 799 So.2d 53, 60 (¶ 26) (Miss.2001)).
¶ 37. I do not take issue with the timing of Dr. Talbot’s supplemental report. Whether a supplementation is “seasonable” is determined by the trial court on a case-by-case basis. Buchanan v. Ameristar Casino Vicksburg, Inc., 957 So.2d 969, 973 (¶ 9) (Miss.2007). Dr. Talbot’s trial testimony was technically within the parameters of his supplemental report, which opined that Floyd’s speed was “at least” fifteen miles per hour. However, I find that doubling the opined speed during trial amounted to a “trial by ambush,” which our discovery rules are designed to prevent. Harris v. Gen. Host Corp., 503 So.2d 795, 796 (Miss.1986). Martin’s counsel was unprepared to respond to expert testimony that Floyd was traveling at speeds up to thirty miles per hour.
¶ 38. I strongly believe in the jury system, but I also believe in the opportunity to receive a fair trial. I would find that the trial court abused its discretion when it declined to strike portions of Dr. Talbot’s testimony. Thus, I would reverse and remand for a new trial.
IRVING, P.J., JOINS THIS OPINION.